Application of John T. SMALL, Petitioner,

v.

COMMANDING GENERAL, MARINE CORPS BASE, CAMP PENDLETON, CALIFORNIA, and Commanding Officer, Staging Battalion, Marine Corps Base, Camp Pendleton, California (MCC 050), Respondents.

No. 70-393.

United States District Court, S. D. California.

Dec. 23, 1970.

Byron J. Walters, Canoga Park, Cal., for petitioner.

Harry D. Steward, U. S. Atty., and Frederick B. Holoboff, Asst. U. S. Atty., San Diego, Cal., for respondents.

## MEMORANDUM OPINION AND ORDER

WALLACE, District Judge.

### FACTS

The petitioner in this habeas corpus proceeding is an enlisted man on active duty in the Marine Corps. On June 9, 1970, petitioner was tried before a special court martial at the Marine Corps Recruit Depot, San Diego, California, for violation of Article 134 of the Uniform Code of Military Justice, the specification being the sale of marijuana. He was found guilty and sentenced to confinement at hard labor for five months and reduced from pay grade E–3 to E–1.

On July 15, 1970, The Convening Authority approved the sentence except that two months of the confinement at hard labor were suspended for twelve months. The sentence was modified later in that the unexecuted portion was suspended for six months.

The Staff Judge Advocate, Marine Corps Recruit Depot, San Diego, California, reviewed the conviction and sentence and approved it on August 17, 1970.

Without first availing himself of his right to have the case reviewed by the Judge Advocate General of the Navy, pursuant to 10 U.S.C. § 869 (1970 Supp.) (hereafter Article 69), petitioner sought habeas corpus relief in this Court. The grounds set forth are incompetent counsel and violation of due process for want of evidence to establish the corpus delicti of the crime.

Petitioner asserts that Article 69 review by the Judge Advocate General is not part of appellate review and thus, it is not necessary to exhaust this post-conviction remedy before filing for a writ of habeas corpus in this Court.

### JURISDICTION

Jurisdiction in this Court is claimed by petitioner pursuant to 28 U. S.C. § 2241 (1959). Petitioner is in "custody" within the requirement of § 2241, by virtue of the fact that he is serving a probationary sentence pursuant to a conviction under color of authority of the United States. Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963).

### EXHAUSTION OF MILITARY REMEDIES

It is a well-settled rule that a petitioner must exhaust all available military relief before coming into this Court to challenge the judgment of that military tribunal. Noyd v. Bond, 395 U.S. 683, 693, 89 S.Ct. 1876, 23 L.Ed.2d 631 (1969). The policy underlying the exhaustion rule is twofold. The unused military procedure may be completely dispositive of the alleged defect, thus making intervention by the federal court wholly needless. If the military procedure proves to be adequate, potential friction between the federal and military systems is thus avoided. Gusik v. Schilder, 340 U.S. 128, 131–132, 71 S.Ct. 149, 95 L.Ed. 146 (1950).

It is necessary, therefore, to determine if the Article 69 review is, indeed, a remedy that must be exhausted. The Article, in pertinent part, provides:

"* * * Notwithstanding section 876 of this title (article 76), the findings or sentence, or both, in a court-martial case which has been finally reviewed, but has not been reviewed by a Court of Military Review may be vacated or modified, in whole or in part, by the Judge Advocate General on the ground of newly discovered evidence, fraud on the court, lack of jurisdiction over the accused or the offense, *or error prejudicial to the substantial rights of the accused.*" (Emphasis supplied.)

10 U.S.C. 869 (1970 Supp.)

By virtue of this Article, the grounds of errors complained of by petitioner

can be reviewed and the Judge Advocate General of the Navy may vacate or modify the sentence and findings of a court-martial which has been "finally reviewed." In the instant case, the final review was by the Staff Judge Advocate.

Petitioner contends Article 69 review is for General Courts Martial only. The legislative intent clearly contradicts this position. As stated in 1968 U.S.Code Cong. and Admin.News, p. 4501, at p. 4515:

"[the amendment authorizes] the Judge Advocate General to either vacate or modify the findings or sentence, or both, in whole or in part, in any court-martial case which has been finally reviewed, but which has not been reviewed by a court of military review  *  *  *. It has been the experience of all the services in this class of cases, *particularly with respect to summary court-martial cases and those special and general court-martial cases not reviewable by a board of review,* that some provision should be made for removing the fact of conviction, as well as granting other relief, in appropriate cases.  *  *  *"  (Emphasis supplied.)

Obviously, then, Article 69 review does apply to the special court-martial situation at bar.

■ Petitioner further contends that the Article 69 relief need not be exhausted before coming to this Court. He relies on the Manual for Courts-Martial, p. 21–4, paragraph 110A (1969 rev.). This section, which describes the Powers of the Judge Advocate General After Final Review, provides, in pertinent part:

"The [Article 69] procedure by which a case may be considered by the Judge Advocate General  *  *  *  *  *is not part of the appellate review within the meaning of Article 76  *  *  *."  (Emphasis supplied.)

This Court does not conclude that the interpretation of the phrase "not part of the appellate review within the meaning of Article 76" means that Article 69 relief is not a "remedy" which petitioner must exhaust. The better-reasoned interpretation is that Article 69 is an extraordinary post-conviction remedy available to the class of court-martial cases not cognizable through the ordinary appellate review described in 10 U. S.C. §§ 866–867 (1970 Supp.) (hereafter Articles 66 and 67). The place of Article 69 within the heirarchy of military review has been described as follows:

"This entire avenue of relief, it should be emphasized, is separate and apart from appellate review. This is more nearly a form of equitable relief, available only in cases not reviewed by the Court of Military Review. This provision thus establishes a means by which an accused whose special court-martial is reviewed finally in the field may seek further relief. The broad wording of the statute, however, leaves to the discretion of the Judge Advocate General the method of examining the applications, the standards to be applied, and the form of relief to be taken."

The Military Justice Act of 1968: Its Contents and Implementation, 23 JAG Journal 131, 134 (1969).

It is a post-conviction remedy *in addition to* and *separate from* the normal appellate review process provided for by Articles 66 and 67. Petitioner does not have Article 66 or 67 review available because the sentence imposed was not within the requisite length or severity. 10 U.S.C. § 866(b) (1970 Supp.). Therefore, Article 69 relief is available to petitioner.

Since petitioner has not yet sought review via Article 69, he has failed to exhaust his military remedies. If, after review by the Judge Advocate General, both the findings and sentence are vacated, then issuance of a writ of habeas corpus would be wholly needless. It is, therefore, held that Article 69 relief must be exhausted by a military petitioner before he may look to the federal courts for a writ of habeas corpus.

## DECISION AND ORDER

For the reasons given, it is plain that the petitioner is not entitled to relief herein. Since the petitioner has failed to exhaust all of his military remedies and, therefore, has failed to establish the jurisdiction of this Court to hear the petition, it will not be necessary to decide the merits of the Constitutional claims. His petition, accordingly, is dismissed and the temporary restraining order is dissolved.

It is so ordered.