Per Curiam :
This case is before the court on defendant’s motion, filed September 29,1971, for summary judgment requesting the court to dismiss the petition and has been submitted to the court without oral argument upon plaintiff’s failure to file a response, the time for so filing under the Buies of the court having expired.
Plaintiff,[1] in this suit for back pay, alleges various constitutional defects in 'his trial and conviction, by General Court-Martial, which took place at Camp New Amsterdam in the Netherlands on March 17, 18, 1970. Plaintiff, having been found guilty of three charges, and single specifications thereunder, was reduced in grade from staff-sergeant (E-5) to airman basic (E-l), and sentenced to three months hard labor without confinement. It is the loss in pay resulting from his reduction in grade which plaintiff seeks to recover. Defendant has filed a motion for summary judgment,[2] pursuant to Buie 101(b).
The constitutional defects alleged by plaintiff are as follows: (1) The evidence obtained by the Air Force and used against plaintiff in his trial by General Court-Martial was the product of an illegal search; (2) The prosecution’s comment on defendant’s failure to produce evidence was prejudicial, *173 and in contravention of .plaintiff’s Fifth Amendment rights; (3) The evidence was insufficient as a matter of law to establish guilt beyond a reasonable doubt with respect to Charges II and III.[3]
In light of Article 76 of the Uniform Code of Military Justice, 10 U.S.C. § 876, as applied by the Supreme Court in United States v. Augenblick, 393 U.S. 348 (1969), plaintiff has failed to present a claim for relief cognizable by this court.
With respect to the alleged illegal search and seizure, the military judge carefully considered plaintiff’s allegations in this regard, which were presented in the form of a motion by Taylor’s defense counsel to suppress all evidence thus obtained. The military judge decided this issue in favor of the Government, thus denying Taylor’s motion, except with respect to certain Christmas tree decorations which were seized. The specification alleging the larceny of these decorations was dropped. On review, the determination of the military judge was affirmed. Not only was the initial search conducted pursuant to Air Force Regulation 75-25, such regulation having been promulgated to implement the customs laws of the United States, and the subsequent search and seizure based upon authorization by the base vice-commander, after a showing of probable cause, but also, as we said in Gallagher v. United States, 191 Ct. Cl. 546, 557, 423 F. 2d 1371, 1378, cert. denied, 400 U.S. 849 (1970), “constitutional issues triable by us do not necessarily arise when a military tribunal that fully acknowledges a constitutional right takes measures it deems in good faith sufficient to implement it, as to which the opinions of others may differ. Whatever else the Congress intended by the finality language [in 10 U.S.C. § 876], its purpose to rely wholly on the expertise of military tribunals to defend the serviceman’s rights in such an instance was clear to the Supreme Court [in Augenblick, supra]." The decision of the military judge with respect to the search and seizure here involved was clearly within the “reasonable scope *174 of the exercise of judgment” accorded military tribunals and is not subject to collateral attack in this court. Gallagher, supra, 191 Ct. Cl. at 559, 423 F. 2d at 1379.
With respect to the improper comment by the prosecution, plaintiff here too has not presented a sufficient basis upon which a collateral attack upon his conviction can be sustained. In closing argument the prosecution said, “there has been no evidence presented by the defense as to Sergeant Taylor’s not seeing the documents and not having an opportunity to examine them.” Taylor’s counsel moved for a mistrial, and the military judge denied the motion. At the conclusion of the trial, the judge gave the usual instruction on reasonable doubt. Whether such a statement is a violation of the accused’s Fifth Amendment rights depends upon whether “the language used manifestly intended to be, or was of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify.” United States v. Follette, 418 F. 2d 1266, 1269 (2d Cir. 1969), cert. denied, 397 U.S. 1050 (1970). Again, this issue was considered both by the trial judge and the reviewing authorities, and the determination was made that the rights of plaintiff had not been infringed. This also comes within the “reasonable scope for the exercise of judgment” accorded military tribunals, and this also fails to provide a basis by which plaintiff’s conviction can be collaterally attacked in this court. Gallagher, supra.
The remaining allegation of plaintiff is that the evidence was insufficient as a matter of law to establish guilt beyond a reasonable doubt with respect to Charges II and III. This court will not reweigh the evidence presented at plaintiff’s court-martial in order that it might substitute its judgment for that of the military trial court. Suffice it to say that plaintiff’s trial was not one in which “the barriers and safeguards are so relaxed or forgotten * * * that the proceeding is more a spectacle * * * or trial by ordeal * * •* than a disciplined contest.” United States v. Augenblick, 393 U.S. 348, 356 (1969).
*175 CONCLUSION
Based upon the foregoing it is concluded that plaintiff is not entitled to recover. Therefore, defendant’s motion for summary judgment is granted and plaintiff’s petition is dismissed.

 Plaintiff has brought this case pro se. Consequently, although there are certain technical deficiencies In his petition, such as the lack of a jurisdictional statement, these deficlences are not dealt with in this opinion.

 It Is defendant’s contention that plaintiff has failed to state a claim upon which relief can be granted. Since matters outside the pleadings were presented to and not excluded by the court, Eule 3'8 provides that the motion be disposed of as provided In Eule 101, dealing with summary judgment.

 Charge II was for larceny of 38 U.S. mall bags and Charge III was for signing a false customs declaration with intent to deceive.