Skelton, Judge,
delivered the opinion of the court:
The plaintiff served as a yeoman in the United States Navy prior to December 21,1972. He was tried by a special court-martial on December 21, 1972, and January 18 and 25, 1978, after being charged pursuant to 10 U.S.C. § 886 (1970) with four specifications of unauthorized absence from his unit. He was found guilty of two of the specifications and sentenced to confinement at hard labor for 30 days and to forfeiture of $80.00 pay per month for one month. His sentence was reduced to 23 days by the convening authority, but was otherwise approved. Subsequently, the trial record was forwarded for action under 10 U.S.C. § 865(c). The record was reviewed by a judge advocate and the finding of guilty and the sentence were found to be correct in law and fact.
The plaintiff did not apply for relief under 10 U.S.C. § 869, which authorizes review by the Judge Advocate General of the Navy. Neither did he seek to have his military records corrected pursuant to 10 U.S.C. § 1552. Instead, the plaintiff filed suit in this court for the recovery of the sum of $80.00 and for an order directing the Secretary of the Navy to ' expunge from his service record all reference to the court-martial conviction. The case is before us on plaintiff’s motion for judgment on the pleadings and defendant’s motion for summary judgment.
*735The plaintiff’s petition contained three.counts which are substantially as follows:
1. The plaintiff was not required to exhaust his administrative and military remedies by utilization of .the remedies available under 10 U.S.C. § 869 before filing this suit.
2. The provisions of the Uniform Code of Military Justice that assign multiple roles to the convening authority in the initiation, prosecution and review of charges brought before a special court-martial are unconstitutional in that they make a fair trial impossible and deny to the defendant due process of law imder the fifth amendment.
3. The admission into evidence, over plaintiff’s objection, of a certified copy of excerpts from his service record, for the truth of the information contained therein, denied him the right to confront the witnesses against him in violation of his rights under the sixth amendment.
Plaintiff moved the court to suspend proceedings with respect to count two because it is presently before the court in another case, which motion was granted, and, accordingly, that count is not before us.
We will now consider the first count set out above. The plaintiff admits that he did not seek relief under 10 U.S.C. § 869 before filing this suit, but contends that he was not required to do so. He says that the remedy under that statute is permissive and not mandatory. The plaintiff likens procedure under 10 U.S.C. § 869 to that provided in 10 U.S.C. § 1552 for the correction of military records, and argues that applications for relief under both statutes are permissive and not mandatory. The defendant agrees, and we have held, that the administrative remedy available under 10 U.S.C. § 1552 is not mandatory before suit is filed. See Girault v. United States, 133 Ct. Cl. 135, 144-45, 135 F. Supp. 521, 526-27 (1955), and many other cases. However, the defendant argues vigorously that the administrative remedies provided by 10 U.S.C. § 869 are appellate in nature in court-martial cases and must be pursued by one convicted in a court-martial trial before he can file a suit in this court that collaterally attacks the court-martial proceedings. The defendant says that the failure of plaintiff to seek the military *736remedies available to him under 10 U.S.C. § 869 constitutes a failure on his part to exhaust his administrative remedies, and that this failure deprives this court of jurisdiction over his case. It appears that this case is one of first impression in this court on this question.
The provisions of 10 U.S.C. § 869 and the regulation 32 C.F.R. § 719.144 applicable to this case are as follows:
§ 869. Art. 69. Review in the office of the Judge Advocate General.
CD go Sf <! E¡- P t fbe+ m P-» 5 B" 3 o B CSÜ cq S 5 t=¡2 2 3-o u „ o O CO O B S'0 h d xfi»■ — <»P go 2 “ bLS P 8S S , 2 o ^ © d*S Ia . tí Hi o o ft.2 P. 6 o cn ^ ^ o B S ® § 3 B o n o o o 2 2 4 P ® p ^ . CO g ñ PL,- S'! g#rf trq'o B 3 B 3 B4 S' B Pj h p cd bt-t- m O pJ £ B.B O -w p's g tí dr. . a ^ cd o' Pi <ID O * ^ g CD l-i & 4>ití i» a rl¿¡ ^ p O í-sTo IS; g *8 ^ CO PB Cl <r+- i-J* B. CD CD CD —."“StfcTO CdL,C5 hi CD HiO GO <£ ptí cd- CD CD $5 H |i>® ar.>rj m Oh (P © CD d p P ^ CD O'M w o ^ CD bO^. CD ^ v c+ cd- Pj CD g_ B P ^ H. P o o go . „ o Ej1 g B o S ^ r^g ® O ® Ch tt 0 rt- <i tí H P P H Q.pJtS 03 TCD 4 p A-co rtcd ® gob B B*<1 . ® 2 g 8 I 1-i B‘ B P Hs a si ® B h S o t^Sl 2 v-i«S g.>-s ® gC S-wS- ® s b175 «.2 o ^ <0 " „ P-igb s w -Ci te ^ CO P 50^3 g ^ 2r a S 2 3 14 00B2 >+d
C5 CO t-CO £ ¡3.2 g5* tí «H S © OP g g S^J tí O rP .2 <2D CG ® <j.B r-i "m ai' — 1 T — I IX*
# # ❖ ❖ ❖
(b) Submission procedures. Applications for relief may be submitted to the Judge Advocate General by letter. If the accused is on active duty, the application shall be submitted via the applicant’s commanding officer, and the command that convened the court, and the command that took supervisory authority action on the case. * * *
It is clear that 10 U.S.C. § 869 and regulation 32 C.F.R. § 719.144(b) provide an appellate procedure for anyone convicted in a court-martial proceeding. The relief is limited to the particular case under consideration. In this respect, the *737relief available is different to that provided by 10 U.S.C. § 1552, which authorizes correction boards to correct any and all injustices which a serviceman may have suffered during his period of service. The relief there is not limited to one particular case, and no doubt that is one of the reasons why it is permissive in nature.
It appears that by following the procedure provided in 10 U.S.C. § 869 and 32 C.F.R. § 719.144(b) the plaintiff could have made every argument before the Judge Advocate General that he is making in this court, and that it was possible for him to have received from the Judge Advocate General all of the relief he now asks this court to give him. In the latter event, this suit would have been obviated. See Noyd v. Bond, 395 U.S. 683, 694-96 (1969) ; and Gusik v. Schilder, 340 U.S. 128 (1950).
It will be observed that 10 U.S.C. § 869 provides in pertinent part:
* * * '[T]he findings or sentence, or both, in a court-martial case which has been finally reviewed, but has not been reviewed by a Court of Military Review may be vacated or modified, in whole or in •part, by the Judge Advocate General on the grou/nd of * * * lack of jurisdiction over the accused * * * or error prejudicial to the substantial rights of the accused. [Emphasis supplied.]
A careful reading of this statute convinces us that defendant’s argument that in enacting it Cbngress intended the relief that it provided would be a mandatory part of the military review process where relief was not available before the Court of Military Appeals, is correct.
In the case of Gusik v. Schilder, supra, the Supreme Court established the general rule that a federal civilian court should not entertain a habeas corpus petition from a military prisoner until all available remedies within the military court system have been exhausted.
In Noyd v. Bond, supra, the Supreme Court said:
We now turn to consider whether petitioner could properly seek his release in civilian courts without making any effort to invoke the assistance of the courts within the military system. Gusik v. Schilder, 340 U.S. *738128 (1950), established the general rule that habeas corpus petitions from military prisoners should not be • entertained by federal civilian courts until all available remedies within the military court system have been invoked in vain. Mr. Justice Douglas, for a unanimous Court, explained some of the important reasons which require civilian courts to respect the integrity of the military court system that Congress has established:
“An analogy is a petition for habeas corpus in the federal court challenging the jurisdiction of á state court. If the state procedure provides a remedy, which though available has not been exhausted, the federal courts will not interfere * * *. The policy underlying that rule is as pertinent to the collateral attack of military judgments as it is to collateral attack of judgments rendered in state courts. * * *”
* * * Congress, in the exercise of its power to “make Rules for the Government and Regulation of the land and naval Forces,” has never given this Court.appellate jurisdiction to supervise the administration of criminal justice.in the military. * * * [Footnote omitted.] [395 U.S. at 693-94.] .
* . * * * *
* * * All of the reasons supporting this Court’s decision in Gusih v. Schilder. - supra, are applicable here. If the military courts do vindicate petitioner’s claim, there will be no need for civilian judicial intervention. * * * [395 U.S. at 696.]
Finally, the Supreme Court held in that case:
* •* * Since petitioner has at no time attempted to show that prompt and effective relief was unavailable from the Court of Military Appeals in his case, we hold that petitioner's failure to exhaust this remedy before seehing the assistance of the civilian courts is not excused. [Footnote omitted.]' [Emphasis supplied.] [395 U.S. at 698.]
The identical issue before the court in the instant case was presented to the Southern District Court of California in the case of Small v. Commanding General, 320 F. Supp. 1044 (S.D. Cal. 1970), aff'd, 448 F. 2d 1397 (9th Cir. 1971). In that case, the petitioner, who had been convicted by a special court-martial, sought habeas corpus relief, without first availing himself of his right to have his case reviewed by the *739Judge Advocate General under 10 U.S.C. § 869. The court, in ruling that the petitioner was required to exhaust his administrative remedies before filing suit in a civilian federal court, said:
It is a well-settled rule that a petitioner must exhaust all available military relief before coming into' this Court to challenge the judgment of that military tribunal. Noyd v. Bond, 395 U.S. 683, 693, 89 S. Ct. 1876, 23 L. Ed. 2d 631 (1969). The policy underlying the exhaustion rule is twofold. The unused military procedure may be completely dispositive of the alleged defect, thus making intervention by the federal court wholly needless. If the military procedure proves to be adequate, potential friction between the federal and military systems is thus avoided. Gusik v. Schilder, 340 U.S. 128, 131-132, 71 S. Ct. 149, 95 L. Ed. 146 (1950). [Id. at 1045.]
In that case the court concluded that since the petitioner had failed to exhaust all of his military remedies, he had failed to establish the jurisdiction of the court to hear his alleged constitutional claim.
It appears that except for a slight difference in the facts, the Small case is on all fours with the case before us. See also Scott v. Schlesinger, docket No. CA-4-2371, Northern District of Texas, decided October 1, 1973.
We hold that the plaintiff was required to exhaust all administrative and military remedies available under 10 U.S.C. § 869 and regulation 32 C.F.R. § 719.144(b) before filing suit in this court, and that his failure to do so deprives this court of jurisdiction of his case. We conclude further that plaintiff’s suit was prematurely filed in this court because of his failure to exhaust his administrative and military remedies, and for that reason it must be dismissed.
In view of our conclusions set forth above, it is not necessary for us to consider nor decide on the merits the constitutional issue raised by the plaintiff in the third count of his petition. However, we feel constrained to say that if that issue was properly before the court for decision, we have grave doubts that we would hold that the question rises to the level of a constitutional issue. See United States v. Augenblick, 393 U.S. 348 (1969) ; Taylor v. United States, *740199 Ct. Cl. 171 (1972) ; and Gallagher v. United States, 191 Ct. Cl. 546, 423 F. 2d 1371 (1970), cert. denied, 400 U.S. 849. Our scope of examination of court-martial cases is very narrow indeed. This is so because of the finality language of the Uniform Code of Military Justice, 10 U.S.C. § 876, which provides as follows:
§ 876. Art. 76. Finality of proceedings, findings, and sentences.
The appellate review of records of trial provided by this chapter, the proceedings, findings, and sentences of courts-martial as approved, reviewed, or affirmed as required by this chapter, and all dismissals and discharges carried into execution under sentences by courts-martial following approval, review, or affirmation as required by this chapter, are final and conclusive. Orders publishing the proceedings of courts-martial and all action taken pursuant to those proceedings are binding upon all departments, courts, agencies, and officers of the United States, subject only to action upon a petition for a new trial as provided in section 873 of this title (article 73) and to action by the Secretary concerned as provided in section 874 of this title (article 74) and the authority of the President. (Aug. 10, 1956, ch. 1041, 70 Stat. 64.)
Because of this statute, we have no authority to retry the facts of a court-martial proceeding, nor to act as a reviewing court of the decision of the court-martial tribunal. We can examine court-martial proceedings only in those rare instances where a serviceman who has been convicted in a court-martial trial sues in our court for back pay and collaterally attacked the court-martial proceedings on the ground that he was deprived of his constitutional rights in such proceedings. Even then we cannot inquire into the court-martial proceedings unless the issues raised by the petitioner rise to constitutional levels. See United States v. Augenblick, supra; Taylor v. United States, supra; and Gallagher v. United States, supra.
We hold that the plaintiff was required to exhaust his administrative remedies under 10 U.S.C. § 869, and, having failed to do so, his suit was prematurely filed in this court, and by reason thereof we do not have jurisdiction of his claim.
*741Accordingly, plaintiff’s motion for judgment on the pleadings is denied; defendant’s motion for summary judgment as to counts one and three of plaintiff’s petition is granted and plaintiff’s petition as to those counts is dismissed without prejudice; and the case is remanded to the trial judge for further proceedings as to count two of the petition.