Howard R. BARNETT

v.

The UNITED STATES.

No. 491–78.

United States Court of Claims.

March 19, 1980.

Howard J. De Nike, attorney of record, San Francisco, Cal., for plaintiff.

Marsha D. Peterson, Washington, D. C., with whom was Asst. Atty. Gen. Alice Daniel, Washington, D. C., for defendant.

Before KASHIWA, KUNZIG and BENNETT, Judges.

ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANT'S CROSS–MOTION FOR SUMMARY JUDGMENT

BENNETT, Judge:

Plaintiff pleaded guilty on September 3, 1976, and was convicted by a special Army court-martial at Heidelberg, Germany. He was charged under five specifications with unlawfully possessing and using more than one ration card in violation of UCMJ article

92 and with the theft of 22 other cards with a potential value of $40,000 in violation of UCMJ article 121. He was sentenced to be reduced in grade from master sergeant to sergeant first class. The proceeding was approved by the convening authority. Thereafter, plaintiff sought relief from the sentence but his application was denied by the Judge Advocate General. He then challenged his sentence on the grounds that the military counsel detailed for his defense was not present nor properly excused from attendance at the trial, and that his civilian counsel's legal qualifications were not reflected in the trial record. This application was also denied. Thereafter, plaintiff was successively refused relief by a court of military review and by the United States Court of Military Appeals. He comes to the Court of Claims seeking an order expunging the court-martial plea and conviction from his military record and asking for back pay and restoration to rank and duty, alleging that the court-martial lacked jurisdiction and violated his rights under articles I (section 8) and III (section 2) and the fifth and sixth amendments to the Constitution. The case is presented to us on cross-motions for summary judgment. We deny relief.

The facts of the case are not involved. Upon his arrest on July 8, 1976, plaintiff was taken to the Patton Barracks Legal Assistance Office to see Capt. Christopher B. Wells, a judge advocate, but he was out of town. Military police then drove plaintiff to Mannheim to see the staff judge advocate there but that officer could not help him because of jurisdictional difficulties. However, plaintiff was provided with a list containing the names of several civilian attorneys who handled such cases as his. From that list he employed Attorney Timothy J. McFadden, a member of the Pennsylvania bar. Plaintiff at no time discussed with anyone whether to have military defense counsel present during the court-martial proceeding. Captain Wells, however, was detailed as defense counsel. Plaintiff and the captain had no conversations. Captain Wells was not present at the court-martial.

A written pretrial agreement and stipulation was signed by plaintiff and his counsel and was accepted by the convening authority. The document stated that, upon examination of the charges and specifications and the advice of plaintiff's counsel and with the full understanding that he had a legal and moral right to plead not guilty, plaintiff nevertheless agreed to plead guilty upon the understanding that he could change his mind prior to trial, or at trial, or upon refusal of the court to accept his plea, and with the further understanding that if his plea was accepted and he was ordered confined the convening authority would suspend confinement.

A summary of the trial record is before the court. Plaintiff confessed his guilt. He said: "I knew it was wrong to use the cards. I can only say I'm sorry. I used less than half of the cards and destroyed the rest of them. I stopped using the cards when the investigation started because I was afraid. * * * I have never been hard up for money." Plaintiff, however, also testified that he took the cards because he needed money to assist a retarded teenage daughter. He also testified, "I drive a 1973 Cadillac. I bought it new. I came forward and admitted I took the cards after the investigation started." In the stipulation signed by plaintiff, he admitted that he had access to ration cards which had not yet been issued and that he wrongfully took them with intent to keep them permanently. He also admitted that on three occasions he used them to purchase alcohol, a rationed item.

It is clear to our satisfaction that when he confessed guilt defendant did so without duress, knowingly and intelligently, and in full realization of the potential consequences. All of his rights were fully explained to him, and he acknowledged his understanding of the advice.

The record of trial does not show the qualifications of plaintiff's privately employed defense counsel nor does it show that the detailed defense counsel was excused from being present. The affidavits of these attorneys do not help us much.

Their thrust is that, according to standard procedures, Captain Wells would have been excused. What is clear is that the trial record summary furnished to the court by plaintiff contains language as follows:

> The military judge ascertained that the accused had been informed of his right to be defended by legally qualified counsel, certified by The Judge Advocate General, at no expense to him. The military judge asked the accused if he understood this right. The accused responded that he did. [Footnote omitted.]

> The military judge ascertained that the accused had been informed of his rights concerning counsel as set forth in Article 38. The military judge asked the accused if he understood that he had the right to be represented by civilian counsel if the accused provided him; that he had the right to be represented by military counsel of his own selection if reasonably available, and if he did have counsel of his own selection, his detailed counsel would act as associate counsel if the accused so desired. The accused responded that he understood his rights with respect to counsel. [Footnote omitted.]

In the face of the above, plaintiff now alleges that he did not knowingly consent to the absence of his detailed defense counsel. We find this hard to accept, although the trial record does not technically conform to the requirements of the Uniform Code of Military Justice in that it does not show the detailed defense counsel was excused nor does it show that plaintiff expressly stated he did not desire the presence of such counsel. Further, the civilian counsel's qualifications were not made of record, as noted above. The military authorities on review did not think that these were prejudicial errors such as would divest the court-martial of jurisdiction. What we must decide is whether such mistakes of procedure rise to the dignity of constitutional errors so serious as to give the Court of Claims collateral jurisdiction to declare the court-martial null and void and to grant plaintiff the relief he seeks.

Fundamentally, military matters are for the military and generally we have no jurisdiction to review court-martial proceedings. 10 U.S.C. § 876 (1976). The Supreme Court stated in *United States v. Augenblick*, 393 U.S. 348, 356, 89 S.Ct. 528, 534, 21 L.Ed.2d 537 (1969):

> * * * But apart from trials conducted in violation of express constitutional mandates, a constitutionally unfair trial takes place only where the barriers and safeguards are so relaxed or forgotten, * * * that the proceeding is more a spectacle (*Rideau v. Louisiana*, 373 U.S. 723, 726, 83 S.Ct. 1417, 1419, 10 L.Ed.2d 663) or trial by ordeal (*Brown v. Mississippi*, 297 U.S. 278, 285, 56 S.Ct. 461, 464, 80 L.Ed. 682) than a disciplined contest.

Placed against this test, the facts are not persuasive in plaintiff's favor. He makes no allegation that he was innocent or that he confessed his guilt improvidently. He does not allege he was not adequately represented by counsel of his own choice. He does not show how the absence of military defense counsel adversely affected his right to a constitutionally fair trial. He does not allege that the court-martial proceeding was unfair or unjust. He had ample opportunity for 2 months before trial to consult with such counsel had he so desired and was told by the military judge that such counsel could be present if plaintiff so desired. At the court-martial plaintiff registered no complaint about the absence of military defense counsel nor did he object to being represented by his chosen civilian counsel. We can only construe all of this as a waiver of the presence of military counsel. It was harmless error in these circumstances not to have stated the waiver and for the military judge not to have excused the absence of military counsel on the record. Plaintiff was never denied military counsel, and his actions show a conscious decision to be represented by civilian counsel of his own choosing and to admit his guilt on the promise that he would not be confined if convicted. There is nothing to show that the civilian counsel was inexperienced or unqualified. He was on the approved JAG list of civilian counsel.

Plaintiff cites *United States v. Otterbeck*, 50 CMR 7 (1974), for the proposition that an accused's right to be represented by defense counsel appointed in his behalf is a fundamental principle of military due process. We do not doubt it. But, an accused may make a knowing and intelligent waiver of his right to be so represented and did so here. The waiver is so obvious from the facts of the case that the omission to put it in the trial record does not rise to the dignity of constitutional error such as might give us jurisdiction because of a court-martial in the nature of a spectacle or ordeal barred by *Augenblick, supra.* Far from it. We do not see how any of the procedural omissions alluded to heretofore would have made one whit of difference in the outcome of this court-martial. Plaintiff was caught with the goods, and in full knowledge of his rights admitted the charges and plea bargained successfully. He now wants out of the bargain but we cannot help him. He has not stated a case within our jurisdiction. *Hendrix v. United States*, 214 Ct.Cl. 50, 555 F.2d 785, *cert. denied*, 434 U.S. 849, 98 S.Ct. 158, 54 L.Ed.2d 117 (1977); *Flute v. United States*, 210 Ct.Cl. 34, 535 F.2d 624 (1976); *McDonald v. United States*, 209 Ct.Cl. 62, 531 F.2d 490 (1976); *Gallagher v. United States*, 191 Ct.Cl. 546, 423 F.2d 1371, *cert. denied*, 400 U.S. 849, 91 S.Ct. 58, 27 L.Ed.2d 86 (1970); *Gearinger v. United States*, 188 Ct.Cl. 512, 412 F.2d 862 (1969).

Plaintiff's motion for summary judgment is denied. Defendant's cross-motion for summary judgment is granted. The petition is dismissed.