The pro se plaintiff received a dishonorable discharge from the United States Navy in 1949. In this suit he seeks relief. The defendant has moved for summary judgment, and we grant the motion (without oral argument).
Plaintiff enlisted in the Navy on January 21, 1944. He became ill with heart disease after his arrival for training at the Naval Base in Farragut, Idaho. The precise nature of the illness, the time it first appeared and its cause are in dispute. Plaintiff was hospitalized for several months. In September, 1947, he received an honorable discharge so he could re-enlist for two years, which he did. On June 1, 1948, a general court-martial convicted and sentenced him for desertion and gave him a dishonorable discharge as of July 11, 1949. Plaintiff petitioned the Board for Correction of Naval Records three times to upgrade his discharge. His first petition, filed May 20, 1966, was denied on June 15, 1967. His second was treated as a request for reconsideration and denied on October 11, 1967. On September 25, 1973, he filed his final petition. As of February 18,1975, the Correction Board upgraded his discharge to show a general discharge by reason of misconduct (instead of a dishonorable discharge). The date of discharge, July 11, 1949, was unchanged. The plaintiff petitioned this court on October 23, 1980, seeking $100,000 in damages. He also asks additional changes in his record.
To the extent plaintiff asks redress in the form of damages for pain, suffering and expenses encountered as a result of receiving a dishonorable discharge or from the need for continued medical treatment, we cannot adjudi *569 cate it. Such a claim sounds in tort and is therefore beyond our jurisdiction. 28 U.S.C. § 1491 (1976) (amended Supp. III 1979); see also, e.g. Martilla v. United States, 118 Ct. Cl. 177, 181 1950), Bibbs v. United States, 206 Ct. Cl. 896, 897, cert. denied, 423 U.S. 985 (1975).
Plaintiffs pro se petition may also be intended to claim compensation for pay lost as a result of the allegedly improper discharge, or to assert that he should have been retired due to disability, with the financial benefits that would have followed. Either claim would be barred by the court’s six-year statute of limitations, 28 U.S.C. § 2501 (1976). A cause of action for back pay lot due to an invalid military discharge normally arises at the time of the discharge — here July 11,1949. E.g. Mathis v. United States, 183 Ct. Cl. 145, 147-148, 391 F.2d 938, 938-939, rehearing granted, 183 Ct. Cl. 150, 394 F.2d 519 (1968), aff’d on rehearing, 190 Ct. Cl. 925, 421 F.2d 703 (1970). Obviously that claim would be long barred. Nor can the statute of limitations be thought to begin to run in February 1975, under the half-a-loaf principle. See, e.g., DeBow v. United States, 193 Ct. Cl. 499, 503-504, 434 F.2d 1333, 1335 (1970), cert. denied, 404 U.S. 846 (1971). According to that theory, a plaintiff receiving only partial relief from a Correction Board or other military tribunal may have a cause of action accruing on the date such relief was granted. Here, the Correction Board corrected the nature of plaintiffs discharge on February 15, 1975, without changing the date. However, the half-a-loaf doctrine applies only when the relief sought in court was actually demanded of the Correction Board (see, e.g., Denton v. United States, 204 Ct. Cl. 188, 196-97 (1974), cert. denied, 421 U.S. 963 (1975)), and also when the administrative review was a necessary condition of suing here. See, e.g., Hankins v. United States, 183 Ct. Cl. 32, 34 (1968) and decisions cited at 34, n.1., and Rumpf v. United States, 228 Ct.Cl. 855 (1981). But plaintiff apparently requested only a change in the nature of the discharge, not in the date, and his request to the Board was permissive, not mandatory. E.g. Mathis v. United States, supra, 183 Ct. Cl. 145, 148, 391 F.2d 938, 939. He could have sued here for back pay in 1949, but has waited far too long.
*570 If we treat plaintiffs petitions to the Correction Board as requests to be granted retirement for disability, his suit in this court is likewise time-barred. In a proper case seeking disability retirement, the statute of limitations begins to run from the time the first appropriate administrative board makes a final decision on the matter. The statute will not be tolled by further attempts to seek administrative relief since court action is available once a final decision has been rendered. E.g. Friedman v. United States, 159 Ct. Cl. 1, 14-15, 24, 310 F.2d 381, 390, 395-96 (1962), cert. denied sub nom. Lipp v. United States, 373 U.S. 932 (1963). In this case, plaintiff received a final decision (at the latest) rejecting his request for correction of his records on October 11, 1967.[1] That he subsequently went to the Board once again in 1973 did not toll the statute, since he could have come to court immediately after the Board made its final determination.
In his reply to the Government’s motion for summary judgment, plaintiff attempts, somewhat belatedly, to attack the legitimacy of the court-martial proceeding on which his discharge was based. He apparently never appealed that decision, which makes our ability to review it doubtful. E.g. Artis v. United States, 205 Ct. Cl. 732, 739, 506 F.2d 1387, 1390 (1974). But even if we were able to entertain this collateral attack, this claim, too, would be barred by the statute of limitations for the reasons already given. In this court the discharge (based on the court-martial) was the operative factor, creating the claim.
It is therefore ordered that the defendant’s motion for summary judgment is granted and the plaintiffs petition is dismissed.

 The first decision, issued June 15, 1967, left open the possibility of relief if plaintiff provided new evidence. The October 11, 1967 determination noted that he had failed to do so.