**Victorino REFRE, Jr., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 159–84C.**

United States Claims Court.

Oct. 22, 1986.

John A. Everhard, Falls Church, Va., for plaintiff.

George M. Beasley, III, with whom was Asst. Atty. Gen. Richard K. Willard, for defendant. James M. Kinsella, U.S. Air Force, Office of the Judge Advocate Gen., of counsel.

## OPINION

MOODY R. TIDWELL, III, Judge.

This is a military pay case before the court on cross motions for summary judgment. Plaintiff was an Air Force Staff Sergeant at Davis-Monthan Air Force Base, Arizona. In a special court-martial proceeding held on December 19, 1978, plaintiff was convicted of violations of Air Force Regulations for providing information to an outsider that might conflict with plaintiff's official duties and for his disobedience of an order from his commander to terminate such activities. Plaintiff was found guilty, fined and reduced in grade. Plaintiff's subsequent appeals to the Judge Advocate General and Air Force Board for Correction of Military Records did not result in any changes to his sentence. Thus, plaintiff brought the instant action in this court and asked for reinstatement with back pay and removal of the record of his court-martial conviction.

The court denies Plaintiff's Motion for Summary Judgment and grants Defendant's Motion for Summary Judgment because plaintiff was given a full hearing in the military justice system and there are no serious constitutional defects in the court-martial conviction that would merit this court's review. Moreover, there is substantial evidence that plaintiff violated the Uniform Code of Military Justice.

## FACTS

The facts of the case are not in dispute. Plaintiff was an enlisted member of the United States Air Force serving as a base contract administrator at Davis-Monthan Air Force Base, Arizona. In May of 1977, plaintiff requested and received approval from his commander to engage in off-duty business activities. On December 19, 1977, the plaintiff entered into the employ of Key Communications (Key), whereby he was to provide Key Communications with publicly available information on non-DOD, non-Davis-Monthan Air Force Base contracts available for bidding by private contractors. Key Communications had other contracts with Davis-Monthan Air Force Base amounting to about forty-five percent of all of Key's business at the time the plaintiff signed the contract with Key.

On June 13, 1978, the plaintiff's commanding officer, Major Lloyd, ordered him not to engage in further off-duty employment of any nature without prior approval. The order was issued due to concern that plaintiff's outside activities might have violated the Air Force's conflict of interest

regulations. On August 29, 1978, plaintiff's wife gave bidding information to a secretary employed by Key. The secretary picked up the information at the plaintiff's off-base residence.

Charges were brought against the plaintiff on November 14, 1978 for violations of Articles 90 and 92 of the Uniform Code of Military Justice (UCMJ). 10 U.S.C. §§ 890, 892. The plaintiff was convicted on November 30, 1978. The military court found plaintiff guilty of violating three offenses: Two specifications of an Air Force regulation that prohibit off-duty business activities conflicting with one's official duties, and for disobeying orders from his commander to terminate his contact with Key. The plaintiff was sentenced to a fine of $125.00 and a reduction in grade from Staff Sergeant (E–5) to Sergeant (E–4).

Plaintiff then appealed his conviction to the Judge Advocate General of the Air Force under Article 69, UCMJ. 10 U.S.C. § 869. After reviewing all of the asserted errors, the Judge Advocate General dismissed one charge, modified another, and found the original sentence appropriate. Plaintiff then applied for relief to the Air Force Board for Correction of Military Records (Board). In a decision dated March 26, 1985, the Board granted the plaintiff some relief as to his records, however, no error was found in previous proceedings and the court-martial was not reversed.

Plaintiff's application for relief to the Board was submitted concurrently with the filing in this court. While the application to the Board was pending, this action was stayed. After the Board's decision in March of 1985, plaintiff asked this court for reinstatement with back pay and removal of the court-martial conviction from his record.

## DISCUSSION

■ This court has jurisdiction to hear collateral attacks upon a court-martial conviction when the conviction has monetary consequences; however, the scope of review is limited to claims where the trial has serious constitutional violations. *United States v. Augenblick*, 393 U.S. 348, 356, 89 S.Ct. 528, 533, 21 L.Ed.2d 537 (1969). A constitutionally unfair trial takes place only where the constitutional barriers and safeguards are so relaxed or forgotten that the proceeding is more a spectacle or trial by ordeal than a disciplined contest. *Id.* The United States Court of Appeals for the Federal Circuit has stated:

[T]he constitutional claims made must be serious ones to support an exception to the rule of finality. They must demonstrate convincingly that in court-martial proceedings there has been such a deprivation of fundamental fairness as to impair due process.

*Bowling v. United States*, 713 F.2d 1558, 1561 (Fed.Cir.1983).

Plaintiff alleges that he was denied due process of law under the Fifth Amendment to the Constitution because the military justice officials abused their discretion in ignoring uncontroverted evidence that cleared plaintiff from violation of military rules. Specifically, plaintiff claims that there is "not even a scintilla of evidence" that plaintiff worked with Key Communications after he had been ordered to desist from further off-duty employment. Plaintiff claims that the evidence at trial clearly showed that plaintiff had been removed from all duties as a contract administrator before the order and only worked as a base warehouseman when the order to desist contact with Key issued.

■ In view of the *Augenblick* requirement that a plaintiff must raise a constitutional claim in order for the Claims Court to assert jurisdiction, the court considers plaintiff's due process claim inadequate because it merely alleges an abuse of discretion by the military justice officials in reviewing plaintiff's "uncontroverted evidence." "Mere error in admitting or excluding evidence does not make a court martial constitutionally unfair," *a fortiori*, the discretionary review of admitted evidence should not make plaintiff's trial unfair. *Flute v. United States*, 535 F.2d 624,

627, 210 Ct.Cl. 34 (1976). Plaintiff has not shown any constitutional defects in the court martial proceedings within this court's jurisdiction. *See, e.g., Barnett v. United States*, 223 Ct.Cl. 132, 617 F.2d 230 (1980) and cases cited therein.

Even if the court accepts plaintiff's characterization of his claim as a serious constitutional claim, plaintiff's "uncontroverted evidence" has already been presented to military justice officials. In *Burns v. Wilson*, 346 U.S. 137, 73 S.Ct. 1045, 97 L.Ed. 1508 (1953), the Supreme Court stated the following in a plurality decision:

> [M]ilitary courts have heard petitioners out on every significant allegation which they now urge. Accordingly, it is not the duty of the civil courts simply to repeat that process.... It is the limited function of the civil courts to determine whether the military have given fair consideration to each of these claims.

*Id.* at 144, 73 S.Ct. at 1050.

Plaintiff was given a full trial on the merits at the court martial. Moreover, the Judge Advocate General and Air Force Board for Correction of Military Records reviewed plaintiff's "uncontroverted evidence" on appeal. The significance of plaintiff's severance from Key Communications after the desist order was presented at the military trial and appellate proceedings. The military justice officials, however, did not find that evidence preclusive of their determination that plaintiff violated conflict of interest rules. This court should not reweigh the evidence presented at plaintiff's court-martial in order that it might substitute its judgement for that of the military trial court. *Artis v. United States*, 506 F.2d 1387, 1391, 205 Ct.Cl. 732 (1974); *Taylor v. United States*, 199 Ct.Cl. 171, 174 (1972).

Plaintiff's brief assumes that this court has a broader standard of review than the narrow collateral attack on constitutional grounds set forth in *Augenblick* and *Bowling*. Plaintiff claims that the court can reverse the Board's denial of relief if it finds the decision was not based upon substantial evidence. While this scope of review might be appropriate in other cases where a claimant has taken his claim only to a military correction board, this court's jurisdiction is more circumscribed in court-martial cases because of the finality language of Article 76, UCMJ. 10 U.S.C. § 876. *See, e.g., Dumas v. United States*, 223 Ct.Cl. 465, 620 F.2d 247 (1980). Even if this court were to apply the arbitrary, capricious, or unsupported by substantial evidence standard, this court finds from its review of the transcript of the court martial that plaintiff's contact with Key Communications supports the military justice officials' conclusion that plaintiff violated conflict of interest rules.

■ Plaintiff next asserts that the order from Major Lloyd, ordering the plaintiff to cease all off-duty employment was overly broad and thus unconstitutional. Plaintiff cites *United States v. Smith*, 1 M.J. 156 (C.M.A.1975), as controlling. However, this court must first find jurisdiction before it can decide if the order was overly broad and without serving any legitimate military need. Plaintiff, under the *Bowling* decision, must raise a serious constitutional challenge or this court lacks jurisdiction. Whether the order was overbroad is a fact issue, not a constitutional issue. Thus, plaintiff's complaint must be dismissed for the same reasons explained in the previous discussion of plaintiff's due process claims; this court cannot retry the facts, or try to "second guess" the military court's findings because questions of fact are not reviewable on collateral attack. *Bowling*, 713 F.2d at 1561.

Even if this court were to find a serious constitutional issue in the issuance of an overbroad order, the plaintiff's complaint should still be dismissed. Plaintiff's principal case, *Smith*, states:

> All activities which are reasonably necessary to safeguard and protect the morale, discipline and usefulness of the members of a command and are directly connected with the maintenance of good order in the [military] services are subject to the control of the officers upon

whom the responsibility of the command ·rests.

*Smith*, 1 M.J. 157 (quoting *United States v. Milldebrandt*, 8 C.M.A. 635, 25 C.M.R. 139 (1958)).

This court concludes that plaintiff's allegations are not properly before this court because they are not of constitutional significance. However, even if they were, the military is accorded a rebuttable presumption in personnel matters and the record is supported with substantial evidence that plaintiff violated military rules. Therefore, defendant's Motion for Summary Judgment is granted and plaintiff's is denied. The clerk of the court is directed to dismiss plaintiff's complaint. Costs to defendant.

IT IS SO ORDERED.