PER CURIAM.
Dennis Charles Madsen (“appellant”) appeals from a decision of the Court of Federal Claims granting judgment for the government on the administrative record as to one count of his complaint that sought collateral review of a conviction by a general court-martial (because review of that count would require an impermissible re-weighing of fact and testimony) and dismissing the remaining counts of Mr. Mad-sen’s complaint (because he did not exhaust his remedies in the military justice system). Although our reasoning differs from that of the Court of Federal Claims, we affirm.
BACKGROUND
Mr. Madsen served in the United States Army as an active duty Army Master Sergeant. On April 13-14, 1993, Mr. Madsen was charged with drug-related offenses and tried by the court-martial. Mr. Mad-sen was represented at trial by civilian defense counsel and an assigned military counsel. The court members found Mr. Madsen guilty of wrongful use of marijuana on or between April 15, 1992, and April 30, 1992, on or about May 27, 1992, and wrongful possession of 0.11 grams of marijuana on May 29, 1992. As a result, he was sentenced to be reduced in rank to private. He retired on September 30, 1993, at a reduced rank of private.
Prior to trial on the merits, Mr. Madsen moved to suppress admission into evidence the marijuana seized from his home. He alleged that the law enforcement officer seeking authorization to search his residence failed to disclose certain witness statements that were inconsistent with a finding of probable cause to conduct the search, and that the search and seizure violated the Fourth Amendment. During the trial, at the close of the government’s case, Mr. Madsen made a motion for a finding of not guilty on the ground that witnesses testified Mr. Madsen’s marijuana use was on a different date than the dates charged. The trial court denied both the suppression and not guilty motions. At the close of Mr. Madsen’s case, the military judge proposed that the parties enter into a stipulation of fact to explain why Ms. Conell, an absentee-witness, *712 had first approached criminal investigators regarding Mr. Madsen. The stipulation, drafted by the military judge, explained that “the activity [Ms. Conell] came to report is not related to the offenses now before the court,” but, while investigating the conduct reported by Ms. Conell, the criminal investigators uncovered evidence that led to the charges before the court-martial. Mr. Madsen agreed to the stipulation and agreed to its use without objection.
After sentencing, Mr. Madsen was advised of his post trial rights, including his right to submit matters to the convening authority, the right to apply for relief from the Judge Advocate General (“JAG”), and the right to the advice and assistance of counsel in the exercise of these rights. On August 2, 1993, Mr. Madsen’s then-civilian counsel, Mr. Victor Kelly, submitted a post-trial petition to the convening authority pursuant to Article 38 and 60 of the Uniform Code of Military Justice (“UCMJ”) (10 U.S.C. § 838(c), and 10 U.S.C. § 860(b), respectively). Mr. Mad-sen requested that his sentence be set aside and a finding of not guilty entered on the ground that the military judge had erred in denying the motion to suppress. Mr. Madsen also alleged that the convening authority was disqualified from taking further action because he had granted testimonial immunity to witnesses who testified at the trial. Therefore, Mr. Madsen requested transfer of the final action to another convening authority. (This issue is not raised on this appeal.) Finally, the motion raised issues of clemency, not related to this case. Upon consideration of this motion, the convening authority upheld the convictions and sentence on August 6, 1993.
The trial record was also forwarded to the JAG for review pursuant to Article 69a of the UCMJ, 10 U.S.C. § 869(a). On August 27, 1993, the JAG reviewed Mr. Madsen’s court-martial findings and sentence and found the convictions and sentence were supported beyond a reasonable doubt, and that the findings were final and conclusive. The JAG did not direct review by the Court of Military Review because the JAG found the findings and sentence were supported in law.
On September 27, 1996, Mr. Madsen filed an application with the Army Board for Correction of Military Records pursuant to 10 U.S.C. § 1552(f) for review of his conviction. The Board returned Mr. Mad-sen’s application because he failed to file a brief or argument in support of his application.
On August 27, 1999, nearly three years later, and six years after his sentencing, Mr. Madsen filed this action in the Court of Federal Claims seeking a declaratory judgment voiding his conviction, correction of military records, reinstatement of rank, and lost pay and allowances. Mr. Mad-sen’s claims were set forth, in five counts: (1) that the military court had failed to suppress unlawfully seized evidence; (2) that a fatal variance between proof and pleading existed; (3) that the military court committed “plain error” by admitting certain stipulations of fact; (4) that the trial judge was not impartial because he assisted in the prosecution; and (5) that the military court lacked jurisdiction. The government moved to dismiss the case for lack of jurisdiction, or, in the alternative, for judgment on the administrative record.
As to count 1, the Court of Federal Claims held that Mi’. Madsen’s petition effectively sought review by the Court of Federal Claims of witness credibility and other factual matters that had already been fully decided by the military courts. The Court of Federal Claims held that such a review was not proper, since review in civilian courts of court-martial matters *713 does not permit re-trying or re-weighing of the evidence. As to counts 2 — 5, the Court of Federal Claims held that appellant had not exhausted all of his remedies in the military justice system.
The Court of Federal Claims noted that this court has suggested that an appellant does not waive a constitutional or jurisdictional issue that was not raised in the military court system if he can show good cause or prejudice, but found that appellant had not made such a showing here.
Accordingly, the Court of Federal Claims granted the government’s motion for judgment on the administrative record with respect to count 1 and granted the government’s motion to dismiss with respect to counts 2 — 5. This appeal followed.
DISCUSSION
I
This court reviews decisions of the Court of Federal Claims for errors of law without deference, and for clear error on findings of fact. Shelden v. United States, 7 F.3d 1022, 1026 (Fed.Cir.1993). The Court of Federal Claims decided this case as a matter of law by granting the government’s motion to dismiss counts 2 — 5 and for summary judgment upon the administrative record on count 1. Accordingly, we review the decision of the Court of Federal Claims without deference. Turner v. United States, 901 F.2d 1093, 1095 (Fed.Cir.1990).
Before reaching the question of exhaustion of remedies in the military justice system, the Court of Federal Claims should have considered whether Mr. Mad-sen’s claims, collaterally attacking the court-martial’s judgment, stated grounds for collateral attack that were proper to bring in civilian court. We conclude that they did not.
II
The scope of collateral review of court-martial proceedings by civilian courts is very narrow. Schlesinger v. Councilman, 420 U.S. 738, 746-48, 95 S.Ct. 1300, 43 L.Ed.2d 591 (1975). The general rule is that “acts of a court-martial, within the scope of its jurisdiction and duty, cannot be controlled or reviewed in the civil courts, by writ of prohibition or otherwise.” Id. at 746, 95 S.Ct. 1300. Even where constitutional errors are charged, we have held that
judgments by courts-martial ... may ... be subject to narrow collateral attack in [civilian] courts on constitutional grounds if the action otherwise within a court’s jurisdiction, as it is here for back pay and reinstatement.... However, the constitutional claims must be serious ones to support an exception to the rule of finality. They must demonstrate convincingly that in the court-martial proceeding there has been such a deprivation of fundamental fairness as to impair due process.
Bowling v. United States, 713 F.2d 1558, 1560-61 (Fed.Cir.1983) (emphasis added, internal citations omitted). It follows that “questions of fact resolved by military courts cannot be collaterally attacked.” Id. at 1561. And, even where constitutional error is charged, “[a]bsent a showing of good cause and prejudice, an appellant’s failure to raise his constitutional claims in the military court system bars him from raising them in federal court.” Martinez v. United States, 914 F.2d 1486, 1488 (Fed.Cir.1990).
Because Mr. Madsen has not demonstrated that any of the alleged errors in the counts on which he seeks collateral review resulted in such a “deprivation of fundamental fairness as to impair due pro *714 cess,” the alleged errors are unreviewable by the civilian courts.
As to count 1, Mr. Madsen argues that inconsistencies existed in the statements of different witnesses upon which the probable cause to search Mr. Madsen’s residence was based. Mr. Madsen urges that because of these inconsistencies, the military court erred as a matter of law in finding probable cause to issue a warrant to search Mr. Madsen’s residence. The military judge carefully considered appellant’s arguments on this issue. Revisiting the issue here would require us to weigh the credibility of the different witnesses and to resolve questions of fact, both of which are not permitted in our review of a court-martial proceeding. Artis v. United States, 205 Ct.Cl. 732, 506 F.2d 1387, 1391 (1974); Taylor v. United States, 199 Ct.Cl. 171, 174 (1972). Accordingly, the finding of probable cause may not be attacked in Court of Federal Claims proceedings.
As to count 2, Mr. Madsen alleges that he had been charged with using marijuana between April 15 and April 30, 1992, but that the evidence offered at trial related to his marijuana use during the first part of April 1992. Mr. Madsen urges that this constituted a fatal defect between proof and pleading so as to violate due process. Mr. Madsen moved for a finding of not guilty on this ground at the court-martial, but the trial judge denied the motion after hearing argument from both parties on the issue. Essentially, Mr. Madsen’s collateral attack urges that the evidence presented at trial was insufficient to convict him of the crime with which he was charged. Mr. Madsen has not shown that the fact-finding process at the court-martial constituted a violation of due process, and we decline to find any such violation here.
Likewise, Mr. Madsen’s allegation of plain error (count 3) does not raise an issue of a due process violation. Mr. Mad-sen urges that it was plain error for the military judge to draft and admit the stipulation of fact. Mr. Madsen does not allege that he was in any way coerced into agreeing to the stipulation. On the contrary, he admits that he voluntarily agreed to the stipulation. Despite having agreed to the admission of the stipulation authored by the military judge, Mr. Madsen urged that the admission of the stipulation “constituted a ‘factual variance’ so substantial as to promote a ... constructive fraud on the court.” Mr. Madsen alleges a factual variance because the “stipulation ... informed the members that [Ms. Conell’s] complaint was ‘not related to the offenses now before the court.’ ” Mr. Madsen inaccurately characterizes the stipulation, which did not refer to a relationship between the charges and Ms. Conell’s complaint. Rather, the stipulation accurately stated that “the activity [of Mr. Madsen] she came to report is not related to the offenses now before the court,” but that her report of this activity led to the charges against Mr. Madsen before the court (emphasis added). Finally, Mr. Madsen alleged that the military judge’s use of a stipulation was improper. However, none of Mr. Madsen’s allegations rises even close to the level of a due process violation, reviewable by this court.
Next, in count 4 Mr. Madsen seeks review of the entire proceeding because he alleges the military judge was not impartial because the judge denied Mr. Mad-sen’s motion to suppress evidence of the seized marijuana; denied Mr. Madsen’s motion for a not guilty verdict; and drafted and admitted the stipulation. However, Mr. Madsen pointed to absolutely nothing, in the record or otherwise, to indicate that these actions during the trial indicate a *715 lack of impartiality on the part of the trial judge. The Supreme Court has held that “opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.” Liteky v. United States, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). Because Mr. Madsen does not suggest that fair judgment was impossible or that he was denied due process by the judge’s alleged lack of impartiality we do not review this claim.
Finally, in count 5 Mr. Madsen urges that the court-martial was divested of its jurisdiction because the charge before the court-martial was not referred to the court-martial by competent authority. The government concedes in its brief that Mr. Madsen’s “jurisdictional argument pertains, of course, to the jurisdiction of the court-martial to try him in the first instance, an objection that cannot be waived.” Thus, we do not understand how the government can argue that Mr. Madsen waived his jurisdictional defense. Mr. Madsen, however, conceded that he was subject to court-martial jurisdiction, and that the offense with which he was charged was subject to court-martial jurisdiction. Nevertheless, Mr. Madsen alleged that the court-martial was divested of jurisdiction because “the military judge substantially changed the nature of the charged offense when he informed the members via the stipulation of fact that Conell’s complaint was not related to the charges before them.” Thus, Mr. Madsen’s argument about the court’s jurisdiction is essentially the same as his argument related to the admission of the stipulation of fact. As we have discussed above, the admission of the stipulation of fact was not a due process violation.
Accordingly, because Mr. Madsen has not shown any defect in the court-martial’s jurisdiction that deprived fundamental fairness to such an extent as to violate due process, he cannot collaterally attack the court-martial’s jurisdiction in a civilian court.
For the foregoing reasons, we affirm.
COSTS
No costs.