878 F.2d 1444
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Richard R. RADKE, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 88-3454.
 United States Court of Appeals, Federal Circuit.
 May 2, 1989.
 
 Before NIES, Circuit Judge, BALDWIN, Senior Circuit Judge, and MAYER, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 The two members of the Merit Systems Protection Board were divided on the correctness of the initial decision in docket No. PH831M8710007 (Aug. 15, 1988), which purported to reverse the Office of Personnel Management's dismissal of Radke's "request for reconsideration of waiver of repayment," and to order OPM "to process [Radke's] reconsideration request as timely filed." The initial decision therefore became the final decision of the Board. We vacate the Board's decision, and remand for further proceedings.
 
 OPINION
 
 2
 Insofar as we can tell, the Board misconstrued Radke's petition for review and addressed an issue not presented. But it failed to consider the issues that were properly before it. The parties agree that Radke never requested OPM to waive collection of the overpayments. Waiver was therefore not properly before the Board, and to the extent it purports to address this issue, the decision of the Board is vacated. See Cedar Lumber, Inc. v. United States, 857 F.2d 765, 767 (Fed.Cir.1988).
 
 
 3
 As we read his inartful but sufficient petition to the Board, Radke requested (1) review of OPM's reconsideration decision, and (2) reopening of his case and remand so that a request for waiver of overpayments might be considered by OPM in light of the attendant circumstances. Neither of these issues were considered. Accordingly, the case is remanded to the Board with instructions that they receive full consideration.
 
 COSTS
 
 4
 Petitioner shall have his costs on this appeal.
 
 
 5
 NIES, Circuit Judge, dissenting.
 
 
 6
 I disagree with the majority that waiver was not properly before the board despite Radke's failure to file such request. A person is not required to pursue an administrative remedy where it is clear that such activity would be useless. E.g., United States v. Grace & Sons, 384 U.S. 424, 429-30 (1966); see also Cooper v. Marsh, 807 F.2d 988, 990 (Fed.Cir.1986); Beard v. General Servs. Admin., 801 F.2d 1318, 1321 (Fed.Cir.1986). Here, OPM had ruled in its decision of September 11, 1986, that it would not consider a waiver because Radke had not included a request for waiver within the same 30-day time limit that his request for reconsideration of the merits was made. OPM's decision on waiver was, therefore, before the board and is agency action reviewable by this court under 5 U.S.C. Sec. 7703(c).
 
 
 7
 On the merits, OPM's position is not supportable. It presumes that Radke was on notice that he had to request all types of possible relief in his initial response to OPM's letter informing him of overpayment and the necessity for repayment. It would be unworthy of OPM to lay a procedural trap for an unknowledgeable annuitant, but, in any event, its trap is poorly set. OPM's letter to Radke can reasonably be read to require that the recipient take some action within thirty days, but not request all possible alternatives at once. Without a very specific direction to request everything at once, it is logical for an annuitant to request waiver only after giving up on the merits. Indeed, a lay person may believe a request for waiver would be an admission of liability. Further, OPM did not advise that the time limit for requesting waiver was itself waivable.*
 
 
 8
 In my view, OPM's decision that it would refuse to entertain a waiver constitutes an abuse of discretion and is wholly arbitrary. 5 U.S.C. Sec. 7703(c) (1982). I would remand to the board with directions to vacate OPM's decision to the extent that OPM ruled that a request for waiver would not be considered because it would be untimely.
 
 
 
 *
 5 C.F.R. Sec. 831.1303 (1984) read in pertinent part:
 (b) Requests for reconsideration. (1) Reconsideration and consideration of waiver or compromise, may be processed separately.
 (2) A request for reconsideration and/or waiver-compromise shall be submitted within 30 calendar days of the issuance of the notice referred to in Sec. 831.1303(a). The Associate Director for Compensation's representative for reconsideration may extend the time limit for filing when the annuitant shows that he/she was not notified of the time limit and was not otherwise aware of it, or that he/she was prevented by circumstances beyond his/her control from making the request within the time limit.
 (Emphasis added.) Unlike the regulation, the letter to Radke did not say "and/or" but simply "or."