David L. BOWLING, Appellant,

v.

The UNITED STATES, Appellee.

Appeal No. 83–655.

United States Court of Appeals,
Federal Circuit.

Aug. 10, 1983.

Joe H. Loving, Jr., Dallas, Tex., argued for appellant. With him on brief were Gary D. Jackson and Gloria A. Jackson, Dallas, Tex.

Eileen A. Carty, Washington, D.C., argued for appellee. J. Paul McGrath, Asst. Atty. Gen., David M. Cohen, Director, Thomas W. Petersen and Lynn Bush Ferguson, Washington, D.C., were on brief, for appellee.

Maj. Charles R. Fulbruge, III, Litigation Div., U.S. Army and Maj. Joyce E. Peters, Litigation Division, U.S. Army, Washington, D.C., of counsel.

Before BENNETT, SMITH and NIES, Circuit Judges.

BENNETT, Circuit Judge.

Appellant Bowling challenges the decision of the United States Claims Court

which, in an opinion and order on November 19, 1982 (amended December 3, 1982), granted defendant's cross-motion for summary judgment and dismissed the plaintiff's petition. *Bowling v. United States,* 1 Cl.Ct. 15, 552 F.Supp. 54 (1982). We affirm.

Appellant, a former Army enlisted man, was tried by a military judge sitting as a Special Court-Martial in Mannheim, Germany, on September 4, 1974, for unlawful possession and transfer of marijuana in violation of Article 134 of the Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934 (1976). Appellant was found guilty of both offenses charged, and on September 17, 1974, was sentenced to be reduced to the grade of Private (E–1), to forfeit $217 of pay per month for five months, to be confined at hard labor for five months, and to be discharged from the Army with a bad-conduct discharge. A portion of the confinement was later remitted but the rest of the sentence was executed.

The Brigade Staff Judge Advocate reviewed the trial record and recommended that the findings and sentence be upheld. The Commanding General, pursuant to Articles 60 and 64, UCMJ, 10 U.S.C. §§ 860, 864, then reviewed the record. He approved the findings and sentence on November 14, 1974.

A third review of the trial record was made by the Army Court of Military Review pursuant to Article 65(b), UCMJ, 10 U.S.C. § 865(b). Again, the findings and sentence were affirmed. Appellant petitioned the United States Court of Military Appeals, which on October 11, 1979, returned the case to the Judge Advocate General of the Army for remand to the Army Court of Military Review to reconsider the sufficiency of the evidence of possession of the marijuana. Upon reconsideration, the Court of Military Review found that appellant's guilt was proven beyond a reasonable doubt and again affirmed the findings and sentence. The Court of Military Appeals denied a second petition for review on February 9, 1981. This sixth consideration of appellant's case since his conviction in 1974 exhausted his opportunities for relief by the military justice system. But, this was not the end of Bowling's appeals.

Appellant's petition for a writ of habeas corpus in the United States District Court for the District of Columbia was denied on September 28, 1981, for his failure to establish the requisite custody within the meaning of 28 U.S.C. § 2241(c)(3).

Next, appellant sued in the United States Court of Claims on November 23, 1981, seeking to have his conviction and sentence vacated, and requesting that he be reinstated in the Army with back pay at his previous grade and be retroactively promoted. Both sides filed for summary judgment. The United States Claims Court assumed the trial jurisdiction of the Court of Claims on October 1, 1982, pursuant to the Federal Courts Improvement Act of 1982, Pub.L. No. 97–164, 96 Stat. 25. Accordingly, in the ninth review of appellant's case we are called upon to decide whether the Claims Court decision granting defendant's (appellee's) cross-motion for summary judgment and dismissal of the petition should be upheld.

It is apparent from the foregoing that appellant's case has not lacked for review. All of his arguments raised now have been considered before, and rejected. Presently, however, appellant puts great emphasis on his allegations that he has been deprived of constitutional rights by errors of the Claims Court. Before we turn to the six alleged errors, we must outline our scope of review in this matter and decide whether the standards of review utilized by the trial court were correct as a matter of law.

In a careful and exhaustive opinion, Judge White of the Claims Court reviewed the applicable law and correctly held that judgments by courts-martial, although not subject to direct review by federal civil courts, may nevertheless be subject to narrow collateral attack in such courts on constitutional grounds if the action is otherwise within a court's jurisdiction, as it is here for back pay and reinstatement. This is true notwithstanding the fact that Article 76 of the UCMJ, 10 U.S.C. § 876, expressly states that all dis-

missals and discharges under sentences by courts-martial following approval, review, or affirmation are final and conclusive. *Schlesinger v. Councilman,* 420 U.S. 738, 95 S.Ct. 1300, 43 L.Ed.2d 591 (1975). However, the constitutional claims made must be serious ones to support an exception to the rule of finality. They must demonstrate convincingly that in the court-martial proceedings there has been such a deprivation of fundamental fairness as to impair due process. As stated by the Supreme Court in *United States v. Augenblick,* 393 U.S. 348, 356, 89 S.Ct. 528, 534, 21 L.Ed.2d 537 (1969)—

> apart from trials conducted in violation of express constitutional mandates, a constitutionally unfair trial takes place only where the barriers and safeguards are so relaxed or forgotten ... that the proceeding is more a spectacle ... or trial by ordeal ... than a disciplined contest. [Citations omitted.]

In another case, the Supreme Court spoke again on the importance of fundamental fairness in military justice proceedings, for the constitutional guarantee of due process is applicable both to civilians and soldiers. It said that soldiers must be protected—

> from the crude injustices of a trial so conducted that it becomes bent on fixing guilt by dispensing with rudimentary fairness rather than finding truth through adherence to those basic guarantees which have long been recognized and honored by the military courts as well as the civil courts. [*Burns v. Wilson,* 346 U.S. 137, 142–43, 73 S.Ct. 1045, 1049, 97 L.Ed. 1508 (1953).]

But, in that same case, the Court narrowly defined the civil court's scope of review, saying:

> These records make it plain that the military courts have heard petitioners out on every significant allegation which they now urge. Accordingly, it is not the duty of the civil courts simply to repeat that process—to reexamine and reweigh each item of evidence of the occurrence of events which tend to prove or disprove one of the allegations in the applications for habeas corpus. It is the limited function of the civil courts to determine whether the military have given fair consideration to each of these claims. [*Id.* at 144, 73 S.Ct. at 1050.]

By the foregoing tests, the Claims Court conscientiously went as far, or further, than necessary in consideration of the appellant's claims. Our own precedents hold that questions of fact resolved by military courts cannot be collaterally attacked. *See, e.g., Flute v. United States,* 535 F.2d 624, 626 (Ct.Cl.1976). This court will not reweigh the evidence presented at plaintiff's court-martial in order that it might substitute its judgment for that of the military trial court. *Artis v. United States,* 506 F.2d 1387, 1391 (Ct.Cl.1974); *Taylor v. United States,* 199 Ct.Cl. 171 (1972).

The petition presented to the Claims Court relies on the same alleged errors complained of in an Assignment of Errors which was filed with the United States Court of Military Appeals in the court-martial proceedings. The Claims Court discussed each of these alleged errors in detail in its published opinion so we do not find it necessary to do so here. Now appellant says that the Claims Court made the same errors he alleges that the Court of Military Appeals made.

The first error attributed to the Claims Court is in refusing to hold that the military judge erred at the court-martial by not granting a motion to suppress because the officer authorizing the search was incapable of acting in an impartial capacity. This raises a fourth amendment claim against illegal searches and seizures. It is a well-established rule in both the civil and military courts that a search can be authorized only by an impartial magistrate and not by an officer engaged in ferreting out crime. A determination as to whether the person who authorized the search was impartial was held by the Claims Court to be largely a question of factual inquiry which the military trial and appellate courts all resolved against plaintiff after his counsel had been afforded every reasonable opportunity to establish partiality. Nothing new

is given which should dictate a different result now.

██ The second error alleged is that the Claims Court refused to hold that the military judge made a mistake in denying a motion to suppress because there was an insufficient showing of probable cause for the authorization of a search. This too is a fourth amendment issue. Determination of the existence of probable cause requires a factual inquiry to find if under the circumstances a prudent man would conclude that an offense had been or was being committed. Lack of probable cause was raised and argued in the proceedings all the way up to and including the Court of Military Appeals and the contention was rejected. As this contention received "fair consideration," *Burns v. Wilson,* 346 U.S. at 144, 73 S.Ct. at 1050, in the military justice system, the adverse fact-finding there is conclusive now.

██ The third claim of error against the Claims Court is in its refusal to hold that the military judge erred in denying the motion to suppress as the search and seizure were unlawful because of an improper authorization to search. Alternatively, it is argued that, even if authority was properly delegated, it did not meet fourth amendment requirements of reasonableness. Authorization for the search in question was pursuant to a delegation of authority from the commanding officer. The latter term is defined by Army Regulations, AR 190–22, ¶ 2–1(a) (June 12, 1970), and AR 600–20, ¶ 3–2(a) (June 22, 1973). The Claims Court opinion discussed the applicability of these regulations to the facts and concluded that plaintiff's contention, which was rejected by the military courts, was given "fair consideration," and was not unreasonable, and no fundamental error was made. We agree.

██ The fourth alleged error is that the evidence was insufficient to support a finding of guilty beyond a reasonable doubt. Appellant attacks the credibility of an informant and principal witness against him at the court-martial trial. He also points to the fact that the illegal drug was found in a room occupied jointly with another soldier. The latter was the issue which brought a remand by the Court of Military Appeals for reconsideration of the evidence about possession by the Court of Military Review. The result was an affirmance of the finding of plaintiff's possession of the contraband beyond a reasonable doubt. As to the credibility of the challenged witness, credibility is for the trier of fact who has had an opportunity to see and to hear the witness under oath and cross-examination. As noted heretofore, it is not the responsibility of a civil court to reweigh the factual evidence and in any event those factual determinations made by a court-martial are not of constitutional significance, absent a showing that the trial was not a fair and disciplined contest. *United States v. Augenblick,* 393 U.S. at 356, 89 S.Ct. at 533–34; *Levy v. Parker,* 478 F.2d 772, 797 (3d Cir.1973), *aff'd,* 417 U.S. 733, 94 S.Ct. 2547, 41 L.Ed.2d 439 (1974). This allegation of error also must be rejected.

██ The fifth error assigned is an alleged fatal variance in the specifications and the evidence. Appellant was charged with and convicted of possessing and transferring marijuana. The evidence at trial related to hashish, its possession and transfer to another soldier. A chemist testified that the contraband was marijuana in hashish form, both substances being derived from the hemp plant. The term marijuana was held sufficiently general in scope to include hashish. *Hamid v. Immigration & Naturalization Service,* 538 F.2d 1389 (9th Cir.1976). We agree that the evidence supports this definition. *See also* Webster's Third New International Dictionary (Unabridged 1965). Appellant was fully informed of the charges against him so that he was able to present his defense. He was not prejudiced by any error here and even if we assume that there was error it was

harmless because the distinction advanced is nominal. Appellant is also fully protected against another prosecution for the same offense.

The sixth and final assignment of error is that the punishment imposed was harsh and inequitable and should be ordered substantially reduced. However, the punishment imposed was less than that authorized by military law for the offenses of which appellant was convicted. Assessment of the penalty is entrusted by law to the discretion of the military authorities. We cannot say that the discretion exercised was abused, unlawful, or reaches constitutional dimensions. Accordingly, we are without jurisdiction to substitute our own discretion for that of the trier of fact who imposed a lawful sentence.

Our conclusion, nine years after appellant's conviction and after eight other intervening reviews of the trial record in the military and civil judicial systems, is that the Claims Court judgment is correct as a matter of law and that the appeal is without merit. Accordingly, the judgment of the Claims Court is affirmed.

AFFIRMED.