**Marcellous COOPER, Jr., etc.,**
**Appellant,**

v.

**John O. MARSH, Secretary of the**
**Army, Appellee.**

**Appeal No. 85–2759.**

United States Court of Appeals,
Federal Circuit.

Dec. 19, 1986.

Stephen C. Glassman, Bonner & O'Connell, Washington, D.C., argued for appellant.

John S. Groat, Commercial Litigation Branch, Department of Justice, Washington, D.C., argued for appellee. With him on brief were Richard K. Willard, Acting Asst. Atty. Gen., David M. Cohen, Director and Van Teasley. Major Charles W. Beardall and Major Craig P. Niederpruem, Office of the Judge Advocate General, Department of Army, of counsel.

Before FRIEDMAN, Circuit Judge, BALDWIN, Senior Circuit Judge *, and BISSELL, Circuit Judge.

BISSELL, Circuit Judge.

This appeal is from the order of the district court dismissing Cooper's amended complaint. *Cooper v. Marsh*, No. 84–0320 (D.D.C. Apr. 18, 1985). We vacate and remand.

## BACKGROUND

Cooper, a former captain in the Army, was tried by a court-martial on charges of conduct unbecoming an officer and fraternization. Prior to trial Cooper moved to dismiss the fraternization charge on the grounds that it violated his fifth amendment right to due process and first amendment right to freedom of association. The motions were denied and Cooper was convicted of both charges.

After his conviction, Cooper petitioned the Judge Advocate General (JAG) for review of the conviction. JAG directed that the case be referred for review by the Army Court of Military Review (ACMR). ACMR set aside and dismissed the charge of conduct unbecoming an officer, but affirmed the fraternization conviction. Cooper again petitioned JAG, this time for review by the military justice system's highest court, the United States Court of Military Appeals (COMA). JAG denied Cooper's petition. Cooper then petitioned COMA for a writ of habeas corpus on the basis that he was denied due process in his court-martial proceedings because the offense of fraternization was unconstitutionally vague. *See generally* Carter, *Fraternization,* 113 Mil.L.Rev. 61 (1986) (discussing the development of fraternization jurisprudence). COMA denied Cooper's petition. As a result of the court-martial conviction, Cooper was twice passed over for promotion and discharged from the Army. Before he was discharged, Cooper filed this action in district court.

Cooper claims that his conviction for fraternization violates the due process clause of the fifth amendment, the equal protection clause of the fourteenth amendment, the first amendment right of freedom of association, and 42 U.S.C. § 1981 (1982).

* The Honorable Phillip B. Baldwin assumed Senior Circuit Judge status effective November 25, 1986.

The gravamen of Cooper's amended complaint is that he wants the fraternization conviction declared void. Although Cooper argued at all levels in the military justice system that the fraternization conviction violated his right to due process, he raised his first amendment claim only at trial. He did not argue either his equal protection or section 1981 claims before the military courts.

The Secretary moved to dismiss the amended complaint on the ground that Cooper had failed to exhaust his military remedies because he had failed to seek review by the Army Board for Correction of Military Records (ABCMR). The Secretary argued, and the district court found, that ABCMR has the power to restore Cooper to active duty, award retroactive promotion, and relegate "all records of [Cooper's] court martial conviction to restricted sections of his personnel file so that no future selection board would ever be aware of his court martial conviction." Memorandum Opinion at 3. The district court acknowledged, however, that ABCMR lacks the power to set aside Cooper's court-martial conviction.

## ISSUE

This case presents the issue whether an appellant who has sought review of his court-martial conviction by every military tribunal empowered to review the constitutionality of the conviction has exhausted his military remedies.

## OPINION

■ This court recently stated the general rule of exhaustion of military remedies: "[B]efore seeking to collaterally attack [a] court martial conviction in the civilian courts [a plaintiff] must have exhausted all remedies available to him within the military.... That is true whether [the plaintiff] alleges violation of the Constitution, statutes, or military regulations." *Williams v. Secretary of Navy*, 787 F.2d 552, 558 (Fed.Cir.1986) (citations omitted). The purpose of the exhaustion doctrine is to allow the military courts the opportunity to review a question and decide it using their particular expertise. Where, as here, an appellant seeks to collaterally attack a court-martial conviction asserting multiple constitutional claims, we must consider not only whether the appellant has sought review before those military tribunals empowered to consider such claims but also whether each claim now asserted was presented before the tribunals.

Implicit in the exhaustion doctrine is the concept that a plaintiff need seek review only before military tribunals empowered to provide the remedy sought. *See id.* at 560. Some courts have expressed this concept as an exception to the exhaustion doctrine where pursuit of a remedy before a particular forum would be futile, *id.* at 559; *see Randolph-Sheppard Vendors of America v. Weinberger*, 795 F.2d 90, 104–108 (D.C.Cir.1986) (discussing futility as an exception to the doctrine of exhaustion of administrative remedies) or where the tribunal is inappropriate for resolving the issue presented, *Downen v. Warner*, 481 F.2d 642, 643 (9th Cir.1973). We prefer the view that a plaintiff has exhausted his military remedies when he has attempted to obtain review in every forum which could provide meaningful relief. *See Bowling v. United States*, 713 F.2d 1558, 1560–61 (Fed.Cir.1983).

In Cooper's case, ABCMR is not such a forum. ABCMR has the power to correct military records and, where appropriate, order reinstatement and back pay. 10 U.S.C. § 1552 (1982 & Supp. III 1985). On December 1983, section 1552 was amended by adding subsection (f):

(f) With respect to records of courts-martial and related administrative records pertaining to court-martial cases tried or reviewed under chapter 47 of this title (or under the Uniform Code of Military Justice (Public Law 506 of the 81st Congress)), action under subsection (a) may extend only to—

(1) correction of a record to reflect actions taken by reviewing authorities under chapter 47 of this title (or under the Uniform Code of Military Justice

(Public Law 506 of the 81st Congress)); or

    (2) action on the sentence of a court-martial for purposes of clemency.

Pub.L. 98–209, § 11(a), 97 Stat. 1407 (1983). Prior to the amendment, ABCMR exercised broader powers. It could, if it considered it necessary to correct an error or remove an injustice, completely expunge all reference to a court-martial ever having occurred. *See Baxter v. Claytor,* 652 F.2d 181, 184–85 (D.C.Cir.1981).

Before the amendment, ABCMR lacked the power to overturn a court-martial conviction or to declare a military regulation unconstitutional. After the amendment, it still lacks that power and is now limited in the extent to which it can correct a court-martial record. Because of its limited powers, ABCMR is incapable of providing meaningful relief for the constitutional violations claimed in Cooper's amended complaint.

Indeed, the Secretary admitted as much in his brief:

> We do not ask the Court to affirm the district court's dismissal of Mr. Cooper's complaint upon the basis that he was required to exhaust his administrative remedies. . . . [I]n light of the recent amendments to 10 U.S.C. § 1552, as discussed by this Court in *Williams,* which limited the reviewing authority of the ABCMR, there appears some merit to Mr. Cooper's contention that appealing to the board might well have been a futile act because the correction board could not grant complete relief. *See* 10 U.S.C. § 1552(f).

Appellee's Brief at 6–7 n. 5.

We conclude that Cooper need not have sought review of his constitutional claims before ABCMR, but this conclusion does not end the inquiry.

    ■ In order to satisfy the exhaustion doctrine, Cooper must have given the military courts an opportunity to pass upon the claims he now asserts as bases for attacking his court-martial. At trial Cooper moved to dismiss the fraternization charges on due process and first amendment grounds. Court-Martial Record (Vol. II) at 22–23. Before ACMR Cooper did not state his arguments in constitutional terms, but argued that there was insufficient evidence of military custom to support a criminal conviction for fraternization. Assignments of Error and Brief on Behalf of Appellant at 13–14. We view this as an alternative approach to arguing that he was denied due process because the offense was so ill-defined that he had no notice he was violating military law. Both in his petition for review by COMA and in his petition for writ of habeas corpus before COMA Cooper again raised his due process claim. Cooper did not, however, assert an equal protection claim or a claim under 42 U.S.C. § 1981 (1982) before any military court, nor did he assert his first amendment freedom of association claim before ACMR or COMA. We, therefore, conclude that Cooper has exhausted his military remedies with respect to his due process claim but not with respect to his remaining claims.

    ■ We are aware that in the analogous context of habeas corpus cases the Supreme Court has required the dismissal of habeas corpus petitions from state criminal proceedings where the petitions combined claims for which state remedies had been exhausted with claims for which they had not. *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Although Cooper's collateral attack on his court-martial conviction is analogous to habeas corpus, it differs in an important respect.

Federal jurisdiction of this case is based in part on the Tucker Act, 28 U.S.C. § 1346 (1982). Unlike a habeas corpus petition which may be filed at any time, Tucker Act claims are subject to a six-year limitations period. 28 U.S.C. § 2401. Adopting a per se rule of "total exhaustion," *Rose,* 455 U.S. at 513, 102 S.Ct. at 1201, requiring dismissal of complaints containing some claims not previously reviewed by the military courts could work an undue hardship on plaintiffs for whom the limitations peri-

od had run. Cooper was convicted by the court-martial in 1979. If we were to affirm the judgment dismissing his complaint because he failed to exhaust his military remedies with respect to his freedom of association claim, his due process claim would be barred by the Tucker Act's statute of limitations. Under these circumstances we decline to dismiss Cooper's amended complaint in its entirety. It is appropriate, however, to dismiss Cooper's equal protection, 42 U.S.C. § 1981, and freedom of association claims for failure to exhaust military remedies.

The Secretary urges that we affirm the district court's order on the theory that Cooper waived his constitutional claims by failing to raise them before ACMR or, in the event of non-waiver, on the theory that Cooper has failed to raise a substantial constitutional claim before the district court. We express no opinion whether a plaintiff seeking to collaterally attack a court-martial conviction on constitutional grounds may have waived his constitutional claims by failing to raise them at all in the military justice system. We need not address that issue here because Cooper raised his due process claim at trial and at each level of the appellate process. Cooper's other claims are precluded by the exhaustion doctrine.

The Secretary argues that Cooper's constitutional claims are insubstantial. This issue was not decided by the district court. We decline to review what the court did not decide.

For the foregoing reasons, we hold that where a plaintiff has attempted to obtain review of his court-martial conviction by every military tribunal empowered to remedy his constitutional claims, he has exhausted his military remedies with respect to the claims raised before those tribunals. We conclude that, on the facts of this case, the appellant has preserved his due process claim for review by the district court. We vacate the district court's order and remand this case for further proceedings consistent with this opinion.

VACATED AND REMANDED.

FRIEDMAN, Circuit Judge, dissenting.

I would affirm the order of the district court dismissing the complaint.

The court remands the case to the district court to consider Cooper's claim that his court-martial conviction of fraternization denied him due process. It reasons that he preserved this claim "for review by the district court" because he had "exhausted his military remedies with respect to the claims raised before those tribunals" by "attempt[ing] to obtain review of his court-martial conviction by every military tribunal empowered to remedy his constitutional claims."

For me the question is not whether Cooper "exhausted his military remedies" (which he obviously did), but whether in the process of doing so he preserved the due process claim he seeks to litigate in the district court. I conclude that he did not preserve that claim.

In the trial before the court martial, Cooper orally moved "that the Government has failed to allege an offense under the Uniform Code of Military Justice," because at the time the two enlisted women were alleged to have had sexual relations with Cooper, they were not members of his command. Cooper then stated that the "motion is in the form of a due process deprivation under these circumstances, under the Fifth Amendment to the Constitution to the United States."

In his appeal from the court-martial conviction to the Army Court of Military Review, however, Cooper (whose appellate brief was signed by five military lawyers) did not even mention any due process claim, let alone attempt to develop it. His challenge to his conviction on the fraternization charge was that there was no evidence that his conduct was prejudicial to good order and discipline because the prosecution had not established any custom in the Army that prohibited such fraternization.

The court describes this argument "as an alternative approach to arguing that he

was denied due process because the offense was so ill-defined that he had no notice he was violating military law." Cooper's contention, however, was that the evidence did not support his conviction. That argument in no way asserted or even suggested that Cooper was challenging his conviction on any constitutional ground. If his lawyers intended to raise any due process claim in that appeal, one must assume they would have done so explicitly—as they did when they subsequently unsuccessfully sought to obtain further review by the United States Court of Military Appeals. I do not think that Cooper's attempt to resurrect his due process claim in seeking review by the latter tribunal sufficed to revive a claim he waived by failing to assert it before the Army Court of Military Review.