833 F.2d 1022
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Victorino REFRE, Jr., Appellant,
v.
The UNITED STATES, Appellee.
 Appeal No. 87-1119
 United States Court of Appeals, Federal Circuit.
 October 6, 1987.
 
 Before BISSELL, Circuit Judge, JACK R. MILLER, Senior Circuit Judge, and ARCHER, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the United States Claims Court, denying appellant's motion for summary judgment, granting the government's cross-motion for summary judgment, and dismissing appellant's complaint, is affirmed.
 
 OPINION
 
 2
 The Claims Court dismissed appellant's complaint for lack of jurisdiction because it determined that appellant's cause of action amounted to a collateral attack upon a court-martial conviction that was entitled to finality under 10 U.S.C. Sec. 876 (1982) and, further, that appellant failed to make any showing that he had been subjected to a Constitutional unfairness of the type described in United States v. Augenblick, 393 U.S. 348 (1969). See Bowling v. United States, 713 F.2d 1558, 1560-61 (Fed. Cir. 1983).*
 
 
 3
 With respect to clemency, this Court's predecessor held that such relief is 'of a discretionary certiorari type,' that appellants had 'no legal right to demand that the Board correct errors, not amounting to Constitutional violations,' and that, therefore, a refusal of clemency such as here occurred would not vest the Court with jurisdiction even if it agreed that such non-Constitutional errors had occurred. Flute v. United States 210 Ct.Cl. 34, 45, 535 F.2d 624, 630 (1976).
 
 
 4
 Accordingly, while we agree with the result, we are of the opinion that dismissal for lack of jurisdiction would have been more appropriately based on the absence of a legal right to insist that the board grant clemency given appellant's admission that his conviction was not being challenged on Constitutional grounds.
 
 
 
 *
 We note that appellant's complaint requests that his conviction by court-martial be set aside; but, during the proceedings on the cross-motions for summary judgment which lead to the judgment being reviewed, appellant challenged only the board's refusal to set aside the sentence of the court-martial under the provision of 10 U.S.C. Sec. 1552(f)(2), Pub. L. 98-209, Sec. 11(a), 97 Stat. 1407 (1983), which states that the board's jurisdiction with respect to court-martial actions 'may extend only to . . . action on the sentence of a court-martial for purposes of clemency.'