**Jose A. MARTINEZ, Plaintiff–Appellant,**

v.

**The UNITED STATES, Defendant–Appellee.**

**No. 90–5040.**

United States Court of Appeals, Federal Circuit.

Sept. 24, 1990.

Louis P. Font, Font & Glazer, Boston, Mass., for plaintiff-appellant.

Cynthia D. Walicki–Chan, Commercial Litigation Branch, Dept. of Justice, of Washington, D.C., for defendant-appellee. Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director, Thomas W. Petersen, Asst. Director and James M. Kinsella, Atty., Commercial Litigation Branch, Dept. of Justice, Washington, D.C., were on the brief for defendant-appellee. Also on the brief was Captain MeLissa Wells–Petry, Office of The Judge Advocate Gen., Dept. of the Army, of counsel.

Before MAYER, Circuit Judge, MILLER, Senior Circuit Judge, and LOURIE, Circuit Judge.

## OPINION

MAYER, Circuit Judge.

Jose A. Martinez appeals the judgment of the United States Claims Court dismissing his complaint after summary judgment in favor of the United States. 18 Cl.Ct. 559 (1989). We affirm the judgment on other grounds.

## BACKGROUND

In January of 1983, Martinez was convicted by a general court-martial of several marijuana-related offenses, assault consummated by battery, solicitation to commit an offense, and obstruction of justice. The Claims Court opinion fully recites the facts and circumstances surrounding the convictions; they provide interesting background, but are irrelevant to the disposition of this appeal. See 18 Cl.Ct. at 560–62. The subsequent treatment of Martinez' case, however, particularly the procedural posture in which counsel has placed it, is germane.

Martinez initially appealed his convictions to the United States Army Court of Military Review. He alleged, first, that the treatment he received while in pretrial confinement violated Article 13 of the Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 813 (1988). The court rejected this allegation because Martinez raised it for the

**1488**

first time on appeal; alternatively, the court concluded the allegation lacked merit. *United States v. Martinez,* 19 M.J. 744, 747 (A.C.M.R.1984). Second, Martinez asserted that the conditions of his confinement constituted illegal punishment under Article 55 of the UCMJ, 10 U.S.C. § 855, as well as cruel and unusual punishment prohibited by the eighth amendment of the Constitution. The court rejected both assignments of error. 19 M.J. at 753. Finally, Martinez claimed that the prosecution had improperly granted immunity to two adverse witnesses and thereby had violated both his fifth amendment and military due process rights to a fair court-martial proceeding. The court concluded that he had been deprived of neither right. *Id.* at 754.

Next Martinez filed a petition for review with the United States Court of Military Appeals, thereby exhausting his direct appeal rights. When that court denied his petition, *United States v. Martinez,* 21 M.J. 27 (C.M.A.1985), he turned to collateral avenues. In late December of 1985, he requested the Army Board for the Correction of Military Records (ABCMR), an administrative body, to void his convictions and correct his military records accordingly. For the first time, Martinez alleged that he was the victim of vindictive or retaliatory prosecution. The ABCMR found that the record did not support this claim and noted, moreover, that it had no authority to disturb the finality of a court-martial conviction. It therefore denied the requested relief. *See* 18 Cl.Ct. at 562.

Martinez then turned to the Claims Court, where he sought the relief denied him by the ABCMR as well as reinstatement and backpay. He again raised a prosecutorial vindictiveness claim, arguing both that a presumption of prosecutorial vindictiveness should apply in his case and that he was the victim of actual vindictiveness. The court rejected both contentions: "Plaintiff has failed to demonstrate that the decision of the ABCMR was arbitrary, capricious, unsupported by substantial evidence, or contrary to law." 18 Cl.Ct. at 567. Therefore, Martinez has come to us. *See* 28 U.S.C. § 1295(a)(3) (1988).

## DISCUSSION

■ This case squarely presents the issue raised but not decided in *Cooper v. Marsh:* "whether a plaintiff seeking to collaterally attack a court-martial conviction on constitutional grounds may have waived his constitutional claims by failing to raise them at all in the military justice system." 807 F.2d 988, 992 (Fed.Cir.1986). We agree with our sister circuits that the answer is yes. *See Davis v. Marsh,* 876 F.2d 1446 (9th Cir.1989); *Wolff v. United States,* 737 F.2d 877 (10th Cir.1984). Absent a showing of good cause and prejudice, an appellant's failure to raise his constitutional claims in the military court system bars him from raising them in federal court. *Davis,* 876 F.2d at 1450; *Wolff,* 737 F.2d at 880.

■ Martinez alleges here, as he did in the Claims Court, that his court-martial conviction is void because it resulted from prosecutorial vindictiveness in violation of the due process clause of the fifth amendment. But he conceded at oral argument that he did not raise this issue, "per se," either at his court-martial or on direct appeal to the Court of Military Review and the Court of Military Appeals. Instead, Martinez first raised the issue before the ABCMR—the first collateral proceeding in which he challenged his court-martial convictions. However, because the ABCMR has no authority to void court-martial convictions, *see* 10 U.S.C. § 1552(f) (1988), raising the issue there does not preserve it here. *See Cooper,* 807 F.2d at 990.

Nor do we agree that Martinez raised "aspects" of a prosecutorial vindictiveness claim before the Court of Military Review sufficient to avoid a waiver here. Alleging, as he did in that court, a violation of the fifth amendment in the prosecution's grant of immunity to two witnesses who had not invoked their right against self-incrimination is not equivalent to premising a violation of the fifth amendment on the motive of the prosecutor. Asserting the violation of a given law for reason "x" does not preserve later claims that the same law has been violated for reasons "y" and "z."

Similarly, that some of the evidence allegedly supporting the prosecutorial vindictiveness claim (for example, the conditions of Martinez' confinement) overlaps evidence supporting different claims that Martinez did raise before the Court of Military Review (alleging, for example, violations of Article 55 of the UCMJ and of the eighth amendment) is not sufficient to preserve his prosecutorial vindictiveness claim in this collateral proceeding. Martinez must have raised the claim itself, not merely have pointed to facts that, in his view and in hindsight, support it.

 Finally, Martinez has not shown good cause for his failure to raise the prosecutorial vindictiveness claim during the criminal proceedings. It is undisputed that he knew the facts allegedly underlying the claim at the time of his trial. It is immaterial if, as asserted at oral argument, he erroneously relied on the advice of counsel in choosing not to raise the claim until the administrative proceedings before the ABCMR. One is bound by the actions or inactions of his representative. *See John-son v. Department of the Treasury*, 721 F.2d 361, 365 (Fed.Cir.1983). Only when advice is so far "outside the wide range of professionally competent assistance" that it amounts to ineffective assistance of counsel, does reliance on it excuse a procedural default. *Davis*, 876 F.2d at 1450 (quoting *Strickland v. Washington*, 466 U.S. 668, 690, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674 (1984)). Failing to raise a particular claim simply does not rise to this level. *Id.*

## CONCLUSION

Accordingly, the judgment of the Claims Court is affirmed.

AFFIRMED.