**James A. BROWN, Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

No. 03–5135.

United States Court of Appeals,
Federal Circuit.

DECIDED: March 2, 2004.

James A. Brown, of Counsel Attorney, pro se, Ft. Levenworth, KS, for Plaintiff–Appellant.

Thomas D. Dinackus, Principal Attorney, Brian M. Simkin, David M. Cohen, of Counsel Attorneys, Department of Justice, Washington, DC, Major Gary Corn, Lt. Col. Vanessa Crockford, of Counsel Attorneys, Army Legal Services Agency, Arlington, VA, for Defendant–Appellee.

Before MAYER, Chief Judge, SCHALL and DYK, Circuit Judges.

PER CURIAM.

James A. Brown ("Brown") appeals the judgment of the Court of Federal Claims ("Claims Court"), which: (1) granted the government summary judgment on the administrative record regarding Brown's claim that the judge presiding over his court-martial was not qualified under 10 U.S.C. § 826(c); and (2) dismissed Brown's claim that the government had breached his enlistment contract for failure to state a claim. *Brown v. United States,* No. 02–776C (June 25, 2003). We *affirm.*

We review the decision of the Claims Court *de novo. See Info. Tech. & Applications Corp. v. United States,* 316 F.3d 1312, 1318 (Fed.Cir.2003) (reviewing summary judgment on the administrative record *de novo); Bay View, Inc. v. United States,* 278 F.3d 1259, 1263 (Fed.Cir.2001) (reviewing dismissal for failure to state a claim *de novo* ).

■ First, Brown contends that his court-martial violated 10 U.S.C. § 826(c) because the presiding judge, Lieutenant Colonel Wright, had elected inactive status in the Pennsylvania state bar. Brown made the same claim in the direct appeal

**660**

of his court-martial. The Army Court of Criminal Appeals ("ACCA") held that Judge Wright was statutorily qualified; however, the Court of Appeals for the Armed Forces ("CAAF") remanded for further consideration. The ACCA again held that Lieutenant Colonel Wright's inactive status in the Pennsylvania bar along with her active status in the United States Court of Criminal Appeals bar was sufficient to satisfy the requirements of section 826(c). The CAAF then affirmed. Brown sought a writ of *certiorari* from the Supreme Court, which was denied. This extensive review demonstrates that the military courts gave Brown's claims "fair consideration." *See Matias v. United States*, 923 F.2d 821, 826 (Fed.Cir.1990) ("The Claims Court's limited function [i]s to determine whether the military tribunal gave fair consideration to each of [plaintiff's] claims."). As such, the Claims Court was correct to grant the government summary judgment on the administrative record. *See id.; Bowling v. United States*, 713 F.2d 1558, 1561–62 (Fed. Cir.1983) ("This court will not reweigh the evidence presented at plaintiff's court-martial in order that it might substitute its judgment for that of the military trial court.").

 Second, Brown contends that the government breached the terms of his enlistment contract by violating 10 U.S.C. § 826(c). This argument is not availing because a military service member's rights, such as entitlement to pay, are not determined by common-law contract principles. *Bell v. United States*, 366 U.S. 393, 401, 81 S.Ct. 1230, 6 L.Ed.2d 365 (1961) ("it is to be observed that common-law rules governing private contracts have no place in the area of military pay."). Instead, those rights are determined by statute. *Favreau v. United States*, 317 F.3d 1346, 1356 (Fed.Cir.2002); *Dock v. United*

*States*, 46 F.3d 1083, 1086 (Fed.Cir.1995). Therefore, as the Claims Court correctly determined, Brown cannot state a claim against the government for breach of contract. The remainder of Brown's contentions, which were not raised in his direct appeal before the military courts, were waived. *See Martinez v. United States*, 914 F.2d 1486, 1488 (Fed.Cir.1990).