NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOSE ANTONIO COSSIO, JR.,**
*Plaintiff-Appellant,*

**v.**

**Michael B. Donley, Secretary of the Air force, AND Department of the Air Force,**
*Defendants-Appellees.*

---

2012-1662

---

Appeal from the United States District Court for the Northern District of Illinois in No. 11-CV-9178, Senior Judge Harry D. Leinenweber.

---

Decided: July 10, 2013

---

JOSE ANTONIO COSSIO, JR., Forest View, Illinois, pro se.

RYAN MAJERUS, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendants-appellees. With him on the brief were STUART F. DELERY, Principal Deputy Assistant Attorney General, JEANNE E. DAVIDSON, Director, and KENNETH M. DINTZER, Assistant Director. Of counsel on the brief was TODI S. CARNES, Litigation

Attorney, Air Force Genera Litigation Division, of Joint Base Andrews, Maryland.

---

Before NEWMAN, BRYSON, and PROST, *Circuit Judges.*

PER CURIAM.

I

Jose Antonio Cossio, Jr., appeals the dismissal of his claim for reinstatement into the Air Force—or, alternatively, an honorable discharge—back pay, and other relief pursuant to the Little Tucker Act, 28 U.S.C. § 1346(a)(2). In 2004 Mr. Cossio was tried by court-martial and convicted of larceny, communicating a threat, computer fraud, and identity fraud; he was acquitted of an additional threat charge. The charges stemmed from a series of incidents in which Mr. Cossio diverted a fellow airman's salary to a charity in Russia, illegally obtained that airman's social security number by using his government computer, and threatened to "beat [the airman] into a coma."

During sentencing in the court-martial proceedings, the court admitted records of disciplinary actions against Mr. Cossio during his career, including two letters of reprimand, a demotion under Article 15 of the Uniform Code of Military Justice for violating a no-contact order, and an Enlisted Performance Report detailing his disciplinary record. Following a December 2004 hearing, the court sentenced Mr. Cossio to 10 months' confinement, a fine of $750, and a bad conduct discharge. Mr. Cossio appealed to the Air Force Court of Criminal Appeals, which affirmed his conviction and discharge. He then appealed to the United States Court of Appeals for the Armed Forces, which denied review. Later, Mr. Cossio filed two petitions for a writs of error *coram nobis* before the Air Force Court of Criminal Appeals. Both petitions focused on the government's alleged failure to disclose records regarding the victim's criminal record and other

evidence relating to the victim's credibility. Both times the court rejected his arguments. The Court of Appeals for the Armed Forces likewise denied Mr. Cossio's petitions for a writ of error *coram nobis*.

Following his release from confinement, Mr. Cossio was court-martialed a second time, for separate conduct. In that proceeding he pleaded guilty to conduct detrimental to good order and discipline. At sentencing, he was permitted to present evidence rebutting the same sentencing information that was admitted in his first court-martial. The second court-martial resulted in a sentence of time served.

After his discharge, Mr. Cossio initiated this action before the United States District Court for the Northern District of Illinois. In his complaint, he disputed the merits of his prior reprimands and Article 15 demotion, and he argued that the introduction of those disciplinary records at his court-martial sentencing constituted a denial of due process. He also alleged several other constitutional violations relating to his conviction for larceny and communication of a threat.

The district court dismissed Mr. Cossio's complaint for failure to state a claim upon which relief could be granted, for two reasons. First, regarding his disciplinary record, the court held that Mr. Cossio had failed to exhaust his administrative remedies when he failed to object to the admission of the sentencing exhibits or to press the issue on appeal. Mr. Cossio argued that he had disputed the merits of his past disciplinary actions before the Air Force Board for Correction of Military Records in a 2005 proceeding, but the court noted that such a challenge could not satisfy the exhaustion requirement because the Correction Board lacks the authority to overturn a court-martial conviction or prohibit a court-martial from considering particular records in passing sentence; its role in sentencing is limited to granting clemency. *See Martinez v. United States*, 914 F.2d 1486, 1488 (Fed. Cir. 1990); 10 U.S.C. § 1552(f).

Second, the court held that Mr. Cossio's remaining allegations, even if proved, did not amount to a denial of due process that would justify the grant of relief. His challenges to his conviction, the court explained, all received "full and fair consideration" by military courts. The court noted that Mr. Cossio did not challenge the underlying facts regarding his larceny charge. Because a larceny conviction carries with it a maximum sentence of dishonorable discharge and ten years of confinement, the court concluded that Mr. Cossio's sentence was not manifestly unfair.

Mr. Cossio appeals the dismissal of his claim to this court.

## II

Our review of court-martial decisions is sharply constrained. Mr. Cossio does not dispute that the court-martial had jurisdiction to try him. Under those circumstances, "judgments by courts-martial, although not subject to direct review by federal civil courts, may nevertheless be subject to narrow collateral attacks in such courts on constitutional grounds." *Bowling v. United States*, 713 F.2d 1558, 1561 (Fed. Cir. 1983). The grounds for collaterally attacking a court-martial must be "serious" and "demonstrate convincingly that in the court-martial proceedings there has been such a deprivation of fundamental fairness as to impair due process." *Id.*

## A

Mr. Cossio argues that he had no opportunity to dispute the admission of his disciplinary record in the sentencing phase of his court-martial. Under the Military Rules of Evidence, he argues, he could challenge sentencing exhibits only for their completeness, relevance, or similar defects. Therefore, he asserts, his action to correct his military records before the Correction Board was his first opportunity to challenge the admission of his disciplinary records, and he should not be deemed to have waived his challenge to those records by not raising that

challenge in the court-martial proceeding and subsequent review by the military courts.

That argument is foreclosed by this court's precedent. A petitioner may "waive[] his constitutional claims by failing to raise them at all in the military justice system." *Martinez*, 914 F.2d at 1488, quoting *Cooper v. Marsh*, 807 F.2d 988, 992 (Fed. Cir. 1986). Raising such claims before the Correction Board is insufficient because the Board "has no authority to void court-martial convictions." *Id.*; *see* 10 U.S.C. § 1552(f).

Mr. Cossio responds by characterizing his suit as a challenge to the disciplinary records themselves and the role they played in his discharge, not to the court-martial conviction itself. In the alternative, he argues that any objection to the admission of the exhibits would have been futile, because he would not have been allowed to challenge the facts underlying the disciplinary actions in the court-martial sentencing proceeding.

Even if we agreed with Mr. Cossio's characterization of his claim, his proposed distinction is unavailing. The reasoning of *Martinez* clearly applies to court-martial sentences as well as convictions. Just as the Board may not overturn a conviction, it likewise has no authority to amend sentencing judgments other than through a grant of clemency. *Id.* § 1552(f)(2). And although *Martinez* dealt specifically with a collateral attack on a conviction, it applied the exhaustion requirement to any "constitutional claim in the military court system," not merely constitutional claims pertaining to conviction. 914 F.2d at 1488. This court has held that "all dismissals and discharges under sentences by courts-martial following approval, review, or affirmation are final and conclusive," subject only to collateral attack. *Bowling*, 713 F.2d at 1560-61 (Fed. Cir. 1983). It would upset the finality of court-martial decisions to permit a litigant to raise constitutional objections to sentencing that were not presented to the military trial and review tribunals. As for the records themselves, a challenge before the Board "is

merely ancillary to the discharge that the former service-man is seeking to change" through collateral attack. *Hurick v. Lehman*, 782 F.2d 984, 987 (Fed. Cir. 1986). Recasting the claim as a dispute over sentencing records cannot avoid the consequences of the waiver of claims not raised during the court-martial proceedings.[1]

Nor would it have been futile for Mr. Cossio to raise a constitutional objection at sentencing. Rule for Court Martial (R.C.M.) 1001(b)(2) states that "[i]f the accused objects to a particular document as . . . not admissible under the Military Rules of Evidence, the matter shall be determined by the military judge. Objections not asserted are waived." Military Rule of Evidence 403, like its counterpart in the Federal Rules of Evidence, provides that "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair preju-dice, confusion of the issues, or misleading the members" of the court-martial. Presumably, if Mr. Cossio had a viable claim that the submission of his disciplinary record would violate his constitutional rights, the resulting prejudice would have provided him with grounds to object. Moreover, if he could have shown that some of his past disciplinary actions were conducted according to proce-dures that violated his constitutional rights, and therefore that his record was misleading or unfairly prejudicial, he could have objected. If he had raised his constitutional claims at that time and the military courts had refused to consider them, he would have preserved those claims for later review, but he did not.

## B

Aside from his challenge to the evidence introduced at sentencing, Mr. Cossio argues that the court-martial

---

[1] The government notes that Mr. Cossio's complaint links his arguments against his discharge to his argu-ments against the sentencing exhibits.

wrongly convicted him of larceny and of communicating a threat. However, Mr. Cossio does not contend that the court-martial proceeding was constitutionally flawed, and he has therefore not shown a basis for a collateral attack on his convictions.

Mr. Cossio argues that the Air Force Court of Criminal Appeals failed to give "full and fair consideration" to his *coram nobis* petition alleging the government failed to disclose the victim's criminal record. Mr. Cossio characterizes that failure as a deprivation of due process under *Brady v. Maryland*, 373 U.S. 83 (1963). The court rejected that argument, noting that Mr. Cossio could not establish prejudice because evidence of "the petitioner's guilt . . . is overwhelming." *United States v. Cossio*, 2008 WL 513520 (A.F. Ct. Crim. App. Feb. 15, 2008). We may not second-guess that determination. *See Burns v. Wilson*, 346 U.S. 137, 142 (1953). Moreover, "the writ of error *coram nobis* is an extraordinary writ; and an extraordinary remedy . . . should not be granted in the ordinary case." *United States v. Denedo*, 556 U.S. 904, 917 (2009). Mr. Cossio has fallen far short of demonstrating that the denial of *coram nobis* relief deprived him of due process.

In his reply brief, Mr. Cossio argues that his conviction for larceny, computer fraud, and communication of a threat were so legally and factually defective as to deny him due process. He argues that, although he stole funds from the victim, he did not commit larceny because the funds he took represented a debt that victim owed him. With respect to the threat charge, Mr. Cossio argues that the victim testified that he did not feel that Mr. Cossio would injure him, and therefore Mr. Cossio's conduct did not legally amount to a threat. Taken together, Mr. Cossio argues, these factual deficiencies suggest that his conduct did not meet the legal definition of larceny or communication of a threat. In turn, he contends, this legal insufficiency rendered his court-martial fundamentally unfair, in violation of his constitutional rights.

This court may not reweigh the evidence or otherwise review the factual determinations of the court-martial. *Burns*, 346 U.S. at 142. Whether the victim owed Mr. Cossio a debt and, if so, whether Mr. Cossio used unlawful means to recover that debt, are questions of fact. Whether the victim felt endangered by Mr. Cossio's words, and in any event whether Mr. Cossio had a "present determination or intent to injure" the victim, *United States v. Holiday*, 16 C.M.R. 28 (1954), are also factual questions. Those questions were all properly for the court-martial proceeding to resolve. At bottom, Mr. Cossio is simply recasting his factual disagreement with the outcome of the court-martial proceeding as a constitutional claim.

**AFFIRMED**

COSTS

No costs.