# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

| | | |
|---|---|---|
| *In re* **Jose A. COSSIO, JR.** | ) | **Misc. Dkt. No. 2021-04** |
| **Airman First Class (E-3)** | ) | |
| **U.S. Air Force** | ) | |
| *Petitioner* | ) | |
| | ) | **ORDER** |
| | ) | |
| | ) | |
| | ) | |
| | ) | **Special Panel** |

On 16 December 2004, a military judge sitting as a general court-martial convicted Petitioner, contrary to his pleas, of one specification of larceny in violation of Article 121, Uniform Code Of Military Justice (UCMJ), 10 U.S.C. § 921, and three specifications of violating Article 134, UCMJ, 10 U.S.C. § 934.[1] The first specification under Article 134, UCMJ, concerned Petitioner's use of another person's social security number (SSN) with the intent to commit larceny in violation of 18 U.S.C. § 1028, and the second specification concerned Petitioner exceeding his authorized access in order to obtain a SSN of another military member in violation of 18 U.S.C. § 1030. The third specification under Article 134, UCMJ, addressed Petitioner's communication of a threat to injure another person. The adjudged and approved sentence consisted of a bad-conduct discharge, confinement for ten months, reduction to the grade of E-1, and a fine of $750.00 with an additional three months of confinement if the fine was not paid. This court "examined the record of trial, the assignments of error, and the [G]overnment's reply"[2] and affirmed the findings and sentence after "conclud[ing] there [was] overwhelming evidence in the record of trial to support the court-martial's findings of guilty of wrongful communication of a threat and computer fraud and abuse . . . ." *United States v. Cossio*, No. ACM 36206, 2006 CCA LEXIS 196, at *1–2 (A.F. Ct. Crim. App. 24 Aug. 2006) (un-

---

[1] References to the punitive articles of the UCMJ are to the *Manual for Courts-Martial, United States* (2002 ed.).

[2] Petitioner's second raised issue was whether the evidence was legally and factually sufficient to sustain his Article 134, UCMJ, conviction for violating 18 U.S.C. § 1030, the Computer Fraud and Abuse Act of 1986. This issue was personally raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

pub. op.) (per curiam). On 30 January 2007, our superior court denied Petitioner's petition for review. *United States v. Cossio*, 64 M.J. 401 (C.A.A.F. 2007). On 25 July 2008, the bad-conduct discharge was ordered executed.

After Petitioner was released from confinement from his 2004 court-martial, he was placed on appellate leave. While on appellate leave, Petitioner was apprehended and placed in pretrial confinement as a result of an investigation into a counterfeit website purporting to be an official website from Hurlburt Field, an Air Force installation in Florida. *United States v. Cossio*, 64 M.J. 254, 255 (C.A.A.F. 2007).[3] On 30 January 2006, Petitioner was arraigned on several charges, which the military judge dismissed based on an Article 10, UCMJ, 10 U.S.C. § 810, speedy trial violation. *Id*. at 255–56. The United States filed an appeal under Article 62, UCMJ, 10 U.S.C. § 862. This court granted the Article 62, UCMJ, appeal, and determined Petitioner had not been denied his right to a speedy trial and set aside the dismissal of charges. *United States v. Cossio*, Misc. Dkt. No. 2006-02, 2006 CCA LEXIS 128 (A.F. Ct. Crim. App. 10 May 2006) (unpub. op.). On 10 January 2007, our superior court affirmed this court's decision that Petitioner was not denied his rights under Article 10, UCMJ. *Cossio*, 64 M.J. at 258. The United States Supreme Court denied a petition for writ of certiorari on 25 June 2007. *United States v. Cossio*, 551 U.S. 1147 (2007).

On 14 November 2007, Petitioner, claiming a *Brady*[4] violation by the trial counsel at his first court-martial, asked this court to issue a writ of *coram vobis* and set aside the findings and sentence. *United States v. Cossio*, No. ACM 36206 (pet), 2008 CCA LEXIS 70, at *2 (A.F. Ct. Crim. App. 15 Feb. 2008) (unpub. op.) (per curiam). The essence of Petitioner's claim was that the trial counsel was aware of and failed to disclose to the Defense that MHT, a key witness who testified against Petitioner, had pleaded nolo contendere to four separate misdemeanor worthless check charges. Petitioner asserted that he was deprived of this impeachment evidence and therefore prejudiced. *Id*. at *2. On 21 November 2007, this court issued an order prohibiting the execution of the approved bad-conduct discharge pending resolution of the petition. *Id*. at *2 n.1.

Subsequently, on 15 February 2008, this court, addressing the petition for a writ of *coram vobis* on its merits, rescinded the writ of prohibition regarding

---

[3] Our superior court granted Petitioner's request for review on 19 September 2006. *United States v. Cossio*, 64 M.J. 187 (C.A.A.F. 2006).

[4] *Brady v. Maryland*, 373 U.S. 83, 87 (1963), held that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."

the execution of Petitioner's bad-conduct discharge and denied Petitioner's writ of *coram vobis*. *Id*. at \*8. In doing so, this court found that Petitioner was not prejudiced by not being advised of the nolo contendere pleas of a witness, MHT, as there was no probability that the outcome of Petitioner's court-martial would have been different even if Petitioner's trial defense counsel had been aware of the evidence. *Id*. at \*6. In making this finding, this court specifically found that: (1) Petitioner's "guilt" was "overwhelming"; (2) even assuming that MHT's credibility was relevant, Petitioner's trial strategy focused more on minimizing his culpability than attacking MHT's credibility; (3) MHT's credibility was already undermined by his admission to repeated larcenies by fraud from another party; (4) it was highly unlikely that the trier-of-fact, the military judge sitting alone, would have found MHT's nolo contendere pleas significant in evaluating the evidence as a whole; and (5) even accepting that Petitioner could use the evidence to attack the credibility of MHT, this new evidence was unlikely to have altered the findings or the sentence. *Id*. at \*6–7. On 24 April 2008, the United States Court of Appeals for the Armed Forces (CAAF) denied Petitioner's appeal of this court's decision. *Cossio v. United States*, 66 M.J. 381 (C.A.A.F. 2008).

On 26 August 2008, Petitioner filed a petition for extraordinary relief in the nature of a writ of prohibition to stay the execution of his bad-conduct discharge and requested our court order the appointment of counsel. This court denied the writ and request for counsel on 15 September 2008. *United States v. Cossio*, Misc. Dkt. No. 2008-02, 2008 CCA LEXIS 687 (A.F. Ct. Crim. App. 15 Sep. 2008) (order).

On 21 June 2010, Petitioner filed another petition for extraordinary relief in the nature of a writ of *coram vobis*. Petitioner again alleged that MHT "may have committed perjury, further acts of larceny, and conspired with another witness to hide such conduct from the court." *United States v. Cossio*, Misc. Dkt. No. 2010-10, 2010 CCA LEXIS 320, at \*4 (A.F. Ct. Crim. App. 1 Jul. 2010) (order) (internal quotations omitted). He asked this court to order a *DuBay*[5] hearing to: (1) "[r]elease the criminal report on [ ] MHT's perjury and larceny," (2) "make a finding of fact considering [ ] [P]etitioner's allegations that the [G]overnment suppressed evidence to include [ ] MHT's [n]olo [c]ontendere pleas," and (3) determine "whether the [G]overnment asserted unlawful command influence to quash any investigation into witnesses who may have committed crimes relevant to [P]etitioner's court-martial despite a reasonable probability that crimes had been committed which would have affected the outcome of [ ] [P]etitioner's court-martial." *Id*. (first alteration in original). On 1 July 2010, this court denied the petition, finding Petitioner had failed to meet

---

[5] *United States v. DuBay*, 37 C.M.R. 411 (C.M.A. 1967) (per curiam).

several of the threshold requirements for a writ of *coram nobis*. *Id.* at *7–9. This court also concluded that even if Petitioner had met all of the threshold requirements, he still was not entitled to any relief. *Id.* at *9.

On 28 October 2014, Petitioner filed another petition for extraordinary relief in the nature of a writ of *coram vobis*. Petitioner requested this court overturn his 2004 larceny conviction. *United States v. Cossio*, Misc. Dkt. No. 2014-14, 2015 CCA LEXIS 342, at *7 (A.F. Ct. Crim. App. 17 Aug. 2015) (unpub. op.). As this court described,

> [Petitioner] allege[d] [the larceny charge] named the wrong victim and that military pay is not military property, that his sentence should be set aside due to an error in his last enlisted performance report, and that his sentence (and findings) should be set aside because of the discovery of [ ] MHT's convictions for issuing worthless checks. [ ] [P]etitioner also allege[d] that his appellate defense counsel were ineffective for not raising the issue of legal and factual sufficiency of the larceny conviction despite his request in accordance with *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). Lastly, [ ] [P]etitioner request[ed] the appointment of counsel.

*Id.* On 17 August 2015, this court denied the petition, finding Petitioner had failed to meet several of the threshold requirements. Petitioner also requested that this court order counsel to represent him on further proceedings, which this court also denied. *Id.* at *12–13.[6]

On 14 June 2021, Petitioner filed the writ of *coram vobis* and for mandamus presently before us, asking this court to overturn his conviction for computer fraud and abuse in violation of Article 134, UCMJ.[7] Appellant's primary argument relies on the United States Supreme Court's recent decision in *Van Buren v. United States*, __ U.S. __, 141 S. Ct. 1648 (2021), which Petitioner generally argues negates his criminal conduct and should be applied retroactively to his case. Petitioner further asks this court to restore him to active duty and finally requests we order a *DuBay* hearing on a "myriad of other issues" including the

---

[6] This court also notes that during this general timeframe, on 10 July 2013, the United States Court of Appeals for the Federal Circuit issued an opinion in Petitioner's case on an unrelated issue, but in which the Court affirmed the lower court's decision to dismiss his claim. *See Cossio v. Donley*, 527 Fed. Appx. 932, 937 (Fed. Cir. 2013).

[7] On 19 August 2021, Petitioner filed a motion for appointment of appellate defense counsel under Article 70, UCMJ, 10 U.S.C. § 870. This court denied Petitioner's motion on 7 October 2021.

"Government's long history of violating [Petitioner's] rights to a fair and speedy trial."

The All Writs Act, 28 U.S.C. § 1651(a), grants this court authority to issue extraordinary writs. *Loving v. United States*, 62 M.J. 235, 246 (C.A.A.F. 2005) (citing *Clinton v. Goldsmith*, 526 U.S. 529, 534 (1999)). "The writ of coram nobis[8] is an ancient common-law remedy designed 'to correct errors of fact.'" *United States v. Denedo*, 556 U.S. 904, 910 (2009) (quoting *United States v. Morgan*, 346 U.S. 502, 507 (1954)). Appellate military courts have jurisdiction over "*coram nobis* petitions to consider allegations that an earlier judgment of conviction was flawed in a fundamental respect." *Id.* at 917. The writ of *coram nobis* is an extraordinary writ and an extraordinary remedy. *Id.* It should not be granted in the ordinary case; rather, it should be granted only under circumstances compelling such action to achieve justice. *Id.*; *Morgan*, 346 U.S. at 511; *Correa-Negron v. United States*, 473 F.2d 684, 685 (5th Cir. 1973).

Although a Petitioner may file a writ of *coram nobis* at any time, to be entitled to the writ he must meet the following threshold requirements:

> (1) the alleged error is of the most fundamental character; (2) no remedy other than coram nobis is available to rectify the consequences of the error; (3) valid reasons exist for not seeking relief earlier; (4) the new information presented in the petition could not have been discovered through the exercise of reasonable diligence prior to the original judgment; (5) the writ does not seek to reevaluate previously considered evidence or legal issues; and (6) the sentence has been served, but the consequences of the erroneous conviction persist.

*Denedo v. United States*, 66 M.J. 114, 126 (C.A.A.F. 2008), *aff'd*, 556 U.S. 904 (2009).

"This court uses a two-tier approach to evaluate claims raised via a writ of *coram nobis*. First, [P]etitioner must meet the aforementioned threshold requirements for a writ of *coram nobis*. If [P]etitioner meets the threshold requirements his claims are then evaluated under the standards applicable to his issues." *Chapman v. United States*, 75 M.J. 598, 601 (A.F. Ct. Crim. App. 2016) (citing *Denedo*, 66 M.J. at 126).

---

[8] This petition is styled as a "Petition for Error Coram Vobis and for Mandamus." "The appellate courts have referred to *Writs of Coram Vobis* and *Writs of Coram Nobis* almost interchangeably. For purposes of this petition[ ], it is a distinction without a difference[,]" and we will use the terms interchangeably. *United States v. Cossio*, No. ACM 36206, 2006 CCA LEXIS 196, at *1 n.2 (A.F. Ct. Crim. App. 24 Aug. 2006) (unpub. op.) (per curiam).

Evaluating Petitioner's case under the *coram nobis* threshold requirements, we find that Petitioner has failed to satisfy several threshold requirements, and that "the failure to meet any one alone warrants a denial of Petitioner's writ." *Chapman,* 75 M.J. at 601. Specifically, we find that Petitioner has failed to allege an error of the most fundamental character, is again asking this court to reevaluate previously considered evidence and legal issues, and has failed to demonstrate that consequences of the conviction persist.

First, Petitioner's argument that V*an Buren* requires his case be overturned is misplaced. In *Van Buren*, the United States Supreme Court found that a law enforcement officer did not exceed his authorized access when he accessed a computer system that he was authorized to use, although for an improper purpose. *Van Buren*, 141 S. Ct. at 1662. While we agree with Petitioner that the Supreme Court's decision in *Van Buren* narrowed the scope of criminal conduct necessary to violate the law, it did not change the law. As it relates to Petitioner's case, *Van Buren* only clarified that under 18 U.S.C. § 1030, the Computer Fraud and Abuse Act of 1986, an individual "exceeds authorized access" by accessing off-limit files and other information on a computer system that they were not otherwise authorized to access. *Van Buren*, 141 S. Ct at 1662.[9] This is precisely the criminal conduct Petitioner was convicted of when he exceeded his authorized access to obtain off-limit information, namely the SSN of another military member from a screen he was not authorized to access. As such, we find that *Van Buren* does not require Petitioner's conviction be overturned and that he has not demonstrated that a fundamental error exists.

We also note that Petitioner has previously challenged the legal and factual sufficiency of his convictions, including his conviction under Article 134, UCMJ, for violating 18 U.S.C. § 1030. In those challenges, Petitioner essentially made the same argument that he makes in this Petition, that he did not exceed his authorized access. He also asked this court to review other federal court decisions which he contended supported his position. This court has consistently found over the course of the extended litigation on this case that there was "overwhelming evidence" in the record of trial to support the court-martial's findings of guilty for computer fraud and abuse. As such we conclude that

---

[9] According to the Court in *Van Buren*, the Computer Fraud and Abuse Act of 1986 (CFAA) "makes it illegal 'to access a computer with authorization and to use such access to obtain or alter information in the computer that the accesser *is not entitled so to obtain or alter*.'" 141 S. Ct. at 1652 (emphasis added). It concluded that Van Buren accessed the law enforcement database system with authorization; however, even though he used the system to retrieve license-plate information for an improper purpose, Van Buren did not "excee[d] authorized access" to the database, as the CFAA defines that phrase. *Id*. at 1662 (alteration in original).

Petitioner is again asking this court to reevaluate previously considered evidence and legal issues.

As to Petitioner's remaining contentions, several of Petitioner's claims are not directly related to the validity of his court-martial conviction and are manifestly not of "the most fundamental character." *See Chapman*, 75 M.J. at 601. With respect to those that are directly related to his conviction, Petitioner either: (1) essentially reiterates claims he has previously raised; (2) fails to provide valid reasons why he did not seek relief earlier for the alleged improprieties; and (3) fails to demonstrate that consequences of the conviction persist. On this last point, the purported consequences offered by Petitioner are not related to his court-martial at all and instead are related to information he provided on employment applications after his military service concluded.

Finally, assuming *arguendo* that Petitioner could satisfy the threshold requirements, we find he has failed to demonstrate that his substantive claims would warrant setting aside the findings and sentence imposed pursuant to his court-martial conviction. Since Petitioner is not entitled to any relief, we find it unnecessary to consider his request that we return him to active duty or that we order a *DuBay* hearing.

Accordingly, it is by the court on this 20th day of December, 2021,

**ORDERED:**

The petition for extraordinary relief entitled "Petition for Writ of Error Coram Vobis and for Mandamus" is hereby **DENIED**.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court